### R. B. Banks v. The State.

#### No. 3952.    Decided May 19, 1909.

**1.—Theft—Insufficiency of the Evidence.**

Where upon trial for theft the evidence was insufficient to support the conviction, the same must be set aside.

**2.—Same—Defendant as a Witness—Practice.**

Where the State introduces in evidence the statements of the accused party which exculpate him, and does not directly or indirectly disprove them, the accused is entitled to an acquittal. Following Pratt v. State, 53 Texas Crim. 281.

Appeal from the County Court of Travis. Tried below before the Hon. John W. Hornsby.

Appeal from a conviction of theft under the value of $50; penalty, a fine of $50 and ten days confinement in the county jail.

The opinion states the case,

*C. B. Giles,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with the theft of several cords of wood valued at $14. Upon trial he was convicted, his punishment being assessed at a fine of $50 and ten days confinement in the county jail.

We are of opinion that the insistence of appellant that the evidence is not sufficient to support the conviction is correct. The alleged owner, Sakewitz, testified that he was the owner of a wood lot ten miles south of Manor, in Travis County, lying between two public roads; that some time in January, 1908, appellant cut for witness from said wood lot three cords of wood, which witness hauled away; that one Hinton Banks, with whom appellant was temporarily residing during the months of January and February, 1908, lived east of and about 100 yards from said wood lot, and just across one of the public roads above mentioned; that witness lived about fifteen miles northwest of said lot; that witness employed appellant to cut wood from said lot during the month of February, 1908; that appellant cut from the lot eight cords of wood, and on February 22d delivered same to witness in stacks on said lot; that on the 19th of February appellant was seen coming from the wood lot and going in the direction of Hinton Banks', at whose house he was taking his meals and sleeping; that defendant had an axe on his shoulder, and was walking by the side of or behind a wagon, upon which was about one-half cord of green split wood; that one Isaiah Banks, son of Hinton Banks, was riding on and driving said wagon; that said wagon came at least from 200 yards down in said wood lot, and maybe from the other side and out into the public road; that in response to a notice from appellant witness went after his wood, and went down on said wood lot and got eight cords of wood; that there was missing from said wood lot somewhere from three to twenty cords of wood, judging from the number and size of "fresh cut" stumps variously estimated by the different witnesses; that some of the stumps were from one foot to a foot and a half in diamater; that witness followed the wagon tracks from near where appellant had cut wood to the public road between said Hinton Banks' house and said wood lot. Another State's witness followed these tracks, which he swore were the same tracks, up to a wood pile near said Hinton Banks' house, and through gates, where he found a wagon loaded with about half a cord of green split wood; that appellant, at the request of witness and his brother-in-law, followed the said tracks part of the way with them, but stopped before they got to the house and went off another way. That these witnesses told appellant that there was going to be trouble, and appellant said he had not stolen any wood; that the complaining witness went up to Hinton Banks' house and asked appellant where his wood was; that appellant replied that it was down there—pointing to

the wood lot; witness then asked appellant to go with him and point out same to him, which he, appellant, did. Witness then asked appellant where he had placed the wood which had been cut at a certain place where fifteen or twenty trees had been cut, and which the witness said would make five or six cords of split wood; that appellant replied, "Right here in this pile"—pointing about twenty-five feet away to a pile of wood; witness swore that there was not more than two cords in that pile, and he told appellant so; that appellant said he must have piled it some place else, and appellant further stated that the missing wood must have been stolen by some parties on Sundays. One witness stated that appellant was trying to obliterate the wagon tracks above described just where they entered Banks' gate. Appellant was not connected in any way with the wagon load of green split wood, except he was walking either by the side of or behind, with an axe on his shoulder. Appellant had a right to be on the wood lot under his contract of hire; that Isaiah Banks, who was driving and riding on the wagon with the load of wood testified about, claimed he had bought same from one Burleson Sanders; that said Sanders lived southwest of said Hinton Banks, and directly across said wood lot, and in the direction from which said Isaiah Banks was driving said wagon load of wood. The witness Lockwood swore that said Sanders had wood of like character as complainant, except that said Sanders had larger and better timber; that complainant's timber was small, scrubby timber—not large; that the wood on said wagon was split wood, or wood split from larger timber; that said Isaiah Banks might have been coming from said Sanders' place at the time, and might have got the wood from Sanders, and that Isaiah Banks claimed that he did get said wood from Sanders. That the complaining witness' wood lot was open, and not fenced, and that it had been the custom for residents of that neighborhood to cross said wood lot, and use said wood lot as a public highway frequently ever since witnesses could remember, and that said wood lot had been so used; that especially had said Hinton Banks and his family, one of which was said Isaiah Banks, so used said wood lot in going to and from the home of said Sanders. It is also stated by the witness that appellant might have been coming from his work at the time he was seen; that it was February 19th when the wagon load of wood was seen coming across said wood lot, and that it came out into the public road and down the public road; that the gate opening into Hinton Banks' place was some 200 yards north of where the appellant left the wood lot. The witness who testified to following the wagon tracks to said Hinton Banks' wood pile swore the tracks went directly across said public road; that the witness could not see the tracks in said public road, but could see them on both sides of said road, but could not say what was the width of either track, or how far apart the tracks were, but that said wagon tracks were fresh—that is, not more than about a day old. On cross-examination this witness said, in regard to appellant's seeking to obliterate the wagon tracks, which was at least 350

yards, and maybe much longer, witness stated that appellant was kicking around, and when he asked him what was the matter appellant said something had gotten into his shoe. This is the case on the facts.

Upon motion for new trial, among other things, it was sought to obtain the testimony of Sanders. It is stated that Sanders testified in the examining trial, and it seems from that statement his testimony would go to exonerate appellant. The motion is sworn to by appellant. This matter, however, is presented in such manner that it can not be considered. The testimony taken at the examining trial is not attached to the motion, nor is it shown that either side made any attempt to have Sanders present at the final trial, though the motion does state that the continuance was sought for his testimony. In the absence of a bill of exceptions the refusal of a continuance can not be considered. Be all this as it may, we are of opinion that the evidence does not show with sufficient cogency that he committed the theft of the wood. The only wood it was undertaken to connect appellant with was the half load of split green wood which was being hauled by the party mentioned above. This is reasonably shown to have come from the lot belonging to Sanders. The main fact, it occurs to us, relied upon by the State, is that there were five or six stumps from which trees had been freshly cut, and wood taken which the witness did not receive. There is no attempt to show that appellant sold the wood. The statements of appellant and the other Banks placed in evidence before the jury exonerate him, and the further facts do not disprove these statements. Where the State puts in the statements of the accused party, which exculpates the accused and does not directly or indirectly disprove them, the accused is entitled to an acquittal. Pratt v. State, 53 Texas Crim. Rep., 281, and authorities therein collated.

Taking the case as a whole, we are of opinion that the evidence is not sufficient to justify the conviction, and it is therefore set aside and the cause remanded.

*Reversed and remanded.*