## MILLER v. STATE.    (No. 5872.)

(Court of Criminal Appeals of Texas.  Nov. 3, 1920.  Rehearing Denied Dec. 1, 1920.)

**1. Embezzlement ⬅️35 — Variance between charge that accused was clerk and proof that he was cashier.**

In a prosecution for embezzlement, there is variance between the allegation in the indictment that accused was a clerk of a corporation and proof that he was cashier and bookkeeper for the corporation.

**2. Criminal law ⬅️556—State bound by exculpatory statements contained in inculpatory statements introduced by it.**

In a prosecution for embezzlement where the state introduced evidence of a declaration by defendant as to a deposit in his own name with the statement that the money resulted from a speculation, the latter statement was exculpatory, and it was error to refuse a requested charge that it was the state's duty to rebut such exculpatory statement and that it could not be considered against accused.

**3. Criminal law ⬅️784(1)—Requested charge on circumstantial evidence should be given.**

In a prosecution for embezzlement of funds intrusted to defendant as cashier and bookkeeper, it was error to omit the charge on law of circumstantial evidence.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

E. L. Miller was convicted of embezzlement, and he appeals. Reversed and remanded.

Chambers, Watson & Wilson, of San Antonio, for appellant

D. A. McAskill, Dist. Atty., and W. S. Anthony, Asst. Dist. Atty., both of San Antonio, and Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was indicted as clerk of an incorporated company, to wit, Brown Cracker & Candy Company, and that as such clerk he embezzled and misapplied money coming into his possession.

[1] The evidence shows he was not a clerk but was cashier, and as cashier gave a bond to said company. This did not constitute him a clerk, and the evidence shows he was not, but that he was cashier, and the testimony also shows he was bookkeeper for said company. The statute prescribes a punishment for embezzlement as applied to this case against any "officer, agent, clerk, attorney at law, or in fact." The indictment simply alleges that he was clerk. It does not undertake to cover any other phase of this portion of the statute, and for the embezzlement of the money as clerk he was tried before a jury. We hold there is a variance between the allegation in the indictment and the proof to sustain it. In order to obtain a conviction the evidence must show that appellant was clerk. This it not only failed to do, but positively shows he was cashier and bookkeeper. See Miller v. State, No. 5849, 225 S. W. 379, this day decided.

The other questions discussed in the opinion in the companion case are conclusive of the questions there discussed as raised in this record favorable to appellant.

[2] There is one other question which will be here noticed. The state put in evidence statements of appellant to the effect that he had a deposit slip showing a deposit of $20,000. The witnesses testifying to this state that they saw the slip and had a conversation with him in regard to it, and that he claimed to have gotten this money as a result of an investment in a copper mine; that he had placed money in the copper mine as an investment and this was the amount of the returns from a sale of that investment. The state introduced these statements as inculpatory evidence. That portion of the statement showing that he had invested his money and had obtained these returns upon it independent of the Brown Cracker & Candy Company, and that the money did not belong to them, was exculpatory of any connection with the incorporated company in whose employ he was. When the court came to charge the jury, exception was reserved because the charge did not inform the jury that it devolved upon the state to rebut this testimony, and that it could not be used against appellant as inculpatory evidence.

The state having introduced it, we are of opinion that the contention of appellant was correct under a long line of cases. Pharr v. State, 7 Tex. App. 472; Combs v. State, 52 Tex. Cr. R. 617, 108 S. W. 649; Pratt v. State, 53 Tex. Cr. R. 281, 109 S. W. 138; Bryan v. State, 54 Tex. Cr. R. 62, 111 S. W. 1035; Banks v. State, 56 Tex. Cr. R. 262, 119 S. W. 847; Winkler v. State, 58 Tex. Cr. R. 564, 126 S. W. 1134; Sanchez v. State, 67 Tex. Cr. R. 453, 149 S. W. 124; Menefee v. State, 67 Tex. Cr. R. 201, 149 S. W. 141; De Leon v. State, 68 Tex. Cr. R. 625, 155 S. W. 248.

[3] It will be noticed in this case, as in the companion case this day decided, the court failed to charge the law of circumstantial evidence. It was error on the part of the court not to so charge the jury.

Without going further into the questions suggested for revision, the judgment will be reversed, and the cause remanded.