Tom Mullins v. The State.

No. 5938.   Decided November 10, 1920.

1.—Rape—Continuance—Practice on Appeal.

Where the judgment is reversed and the cause remanded, it is unnecessary to pass on the question of refusing an application for continuance, or the sufficiency of the evidence.

2.—Same—Confession—Exculpatory Statements—Charge of Court—Penetration.

Where, upon trial of rape, upon a female under the age of consent, the defendant made a confession which excluded the idea of penetration and

was exculpatory in its nature, the court should have submitted a charge to the jury that the burden was on the State to show that these exculpatory statements were not true, and the failure to do so was reversible error. Following Draper v. State, 57 S. W. Rep., 655.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of rape upon a female under the age of consent; penalty, fifteen years' imprisonment in the penitentiary.

The opinion states the case.

*Shuford Farmer*, for appellant.—On question of penetration and confessions by the defendant: Johnson v. State, 27 Texas Crim. App., 163; Rodgers v. State, 30 id., 510; Davis v. State, 43 Texas, 189.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of rape and the jury assessed his punishment at fifteen years in the penitentiary.

The case involves three major propositions: one of insanity, second, the evidence does not show he was guilty of rape, and, third, that the court erred in not charging the jury that if they believed the statement in appellant's confession, introduced by the State, they would acquit of rape.

Appellant sought a continuance on account of the absence of several witnesses to sustain his plea of insanity. We deem it unnecessary to discuss this question in view of a reversal of the judgment upon another question. The witnesses can or may be obtained upon another trial.

We also deem it unnecessary to discuss the sufficiency of the evidence to show the rape. It is fully doubtful, if not more than doubtful, that penetration was proved. There seems to have been no attempt to prove it outside of Dr. Collins' testimony, who waited on the little girl, aided by the confession of appellant. It is not necessary we think to discuss this question as a matter of fact in view of what may be said later with reference to the confession. To say the least of it, Dr. Collins' testimony is very unsatisfactory in regard to the question of penetration.

Appellant's confession as introduced substantially is that he would be twenty years of age his next birthday; that about 1:30 or 2:00 o'clock Saturday evening he was at the residence of R. J. Brown on Bagby Street in Waco; that two of Mr. Brown's children were at home, a girl and a boy; that when he entered the house the little girl came to him and asked him to unbutton her drawers; that she wished to go to the water closet. He complied with her request; she went away and directly came back and requested him to button her drawers. He told her to wait a few minutes; that she got in his lap, and he, appellant, looked at her private parts, took out his, and held and

rubbed it up and down on her private parts. He then says: "Then I seen I couldn't do nothing so I started to put it up." Just at this juncture Mrs. Couch came and he did not have time to button his breeches. He was sitting in a chair and crossed his legs. He said: "I intended to do it to her if it was big enough. When I looked at her 'pussy' I saw I could not get it in so I spit on my private member and rubbed it up and down. I was not there but about five minutes. Mrs. Brown is my aunt, the girl is my cousin; she is about five years old." The contention of appellant is that the court erred in not submitting in his charge to the jury the exculpatory statements, and that the burden was on the State to show that these exculpatory statements were not true. If what appellant says is the truth, the offense of rape was not committed. He excludes the idea of penetration. Having introduced it, the State was bound by it unless it was disproved. It is useless to cite authorities upon this proposition. Whatever the offense of appellant may be by this action and conduct, it does not constitute rape, because penetration is a necessary element. This case is very similar to that of Draper v. State, 57 S. W. Rep., 655. In that case the evidence was stronger as to penetration than in this case. The judgment there was reversed. Perhaps upon another trial the testimony may be strengthened. Dr. Collins' testimony does not show penetration; but in any event the court was in error in not submitting the force and effect of the exculpatory statements.

There are other questions in the case which we deem unnecessary to discuss.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*