VELMA HUFFMAN v. THE STATE.

No. 7955.    Decided May 14, 1924.

Assault with Intent to Rape—Confession—Exculpatory Statement—Rule Stated.

Where the State placed in evidence a confession by the accused which was exculpatory in its nature, the State was bound thereby unless the other testimony demonstrated the falsity of said statement, and the judgment must be reversed and the cause remanded. Following: Pharr v. State, 7 Texas Crim. App., 472, and other cases.

Appeal from the District Court of Hamilton. Tried below before the Honorable J. R. McClellan.

Appeal from a conviction of assault with intent to rape; penalty two years imprisonment in the penitentiary.

The opinion states the case.

. *H. E. Chesley, A. R. Eidson,* and *A. E. Nabors,* for appellant.— Cited: Huebsch v. State, 251 S. W. Rep., 1079; Cromeans v. State, 129 id., 1129; Blackstone v. State, 237 id., 282, and cases cited in opinion.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hamilton County of assault with intent to rape, and her punishment fixed at two years in the penitentiary.

Appellant is a girl nineteen or twenty years of age. On the night of December 15, 1922, she went in a car with two young men to the home of Evelyn Patterson a girl 14 years of age to get her to go with them to have carnal connection with said young men. Appellant told Evelyn that she wanted her to go with them to a picture show and when informed by Evelyn that she did not know her, appellant reminded the girl that they had met once. They got in the car, appellant and John Smith on the front seat and Evelyn and a young man named Willingham on the back seat. Without now discussing whether the jury were justified in their conclusion that an assault to rape was committed by Willingham upon Evelyn Patterson, we observe that the party drove through the city of Hamilton and to a point two and a quarter miles from the Patterson home at which place Evelyn jumped from the rapidly moving car and the others drove off and left her. She says that during the drive Willingham put his hands on her and tried to kiss her and insisted that they should have some fun; that she halloed and threatened to jump from the car if he did not desist; that once when she halloed appellant looked back at them; that at one point Willingham called to Smith to go faster or she would jump from the car and that Smith replied that he was going as fast as he could. When she jumped from the car Willingham tried to prevent her from doing so. She did not assert that on the occasion when appellant looked back, Willingham was doing anything to her.

From what has been said it is plain that if guilty at all appellant's guilt rests on the proposition that Willingham made the assault and that she was a principal with him in the offense. That she was present is not doubted. The court submitted to the jury her guilt predicated

upon the fact of her presence and that she aided by acts and encouraged by words or gestures what was done by Willingham, knowing his unlawful intent. Her acts and words of encouragement in the premises ended apparently when the parties got in the car. No assault had been or was then committed. The only thing attributed to appellant by Evelyn Patterson after the parties got in the car was that at some point when she halloed appellant looked around at them. Appellant did not testify. In this condition of the record the State introduced an alleged confession made by appellant on the day after the occurrence. While admitting that she went to the house of Evelyn Patterson and invited her to go with them upon her belief that the girl would be willing to unite in the immoral enterprise by having connection with said boys, appellant in said written statement plainly avers that after the girl got in the car and they left the house after she had jumped from the car that appellant heard no noise in the back of the car,—no loud talking between Willingham and Evelyn,— no halloing,—and that the only thing she heard was that Willingham said to Smith to speed up the car, to which Smith made no reply. That after Evelyn had jumped out, Willingham told them of that fact, whereupon Smith stopped the car and they discussed the proposition but being afraid came back to town another way. She had then no attorney and had consulted none.

We are thus confronted with a situation upon which this court has often written, i. e. that when the State has placed in evidence a confession or statement of the accused which is exculpatory, the State is bound thereby unless the other testimony demonstrates the falsity of such statement. Pharr v. State, 7 Texas Crim. App., 472; Combs v. State, 52 Texas Crim. Rep., 617; Pratt v. State, 53 Texas Crim. Rep., 29; Bryan v. State, 54 Texas Crim. Rep., 62; Banks v. State, 56 Texas Crim. Rep., 262; Winkler v. State, 58 Texas Crim. Rep., 564; Sanchez v. State, 67 Texas Crim. Rep., 453, 149 S. W. Rep., 124; Menefee v. State, 67 Texas Crim. Rep., 201, 149 S. W. Rep., 141; DeLeon v. State, 68 Texas Crim. Rep., 625, 155 S. W. Rep., 248; Forrester v. State, 93 Texas Crim. Rep., 415, 248 S. W. Rep., 40; Mullins v. State, 88 Texas Crim. Rep., 130. We have carefully examined the testimony for the State to determine whether there be other testimony showing the excupatory statement of appellant placed in evidence by the State, to be false but are unable to find such testimony. Under these facts the court erred in allowing the conviction to stand, and the motion for new trial should have been granted.

For the error discussed the judgment will be reversed and the cause remanded.

*Reversed and remanded.*