DOLORES DIAZ MEDINA V. STATE

No. 28,574. December 5, 1956.

*Oscar B. McInnis*, McAllen, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for possession of marihuana; the punishment, four years in the penitentiary.

The testimony offered by the state shows that Officer Bales approached the appellant and asked if she had any marihuana, to which she replied "that she did not, and that we could go to her house if we wanted to, * * * that we had her permission." It was further shown that she got into a car with four officers and they went to her house, that appellant unlocked the door and invited them to enter, and that the officers found some marihuana in and on a dresser in the house.

The state in making out its case in chief introduced appel-

lant's written statement in evidence and it stated in part that she took the officers to her house, opened the door and invited them to enter; it further stated that Jose Martinez had been to her house a few days before and wanted to leave some marihuana there, but she told him not to leave it, and the first time she knew that he had left it there was when the officers found it.

On cross-examination of Officer Bales it was shown that Jose Martinez was using marihuana and was associating with persons that used it.

Appellant, testifying in her own behalf, stated that after they arrived at her house the officers found the marihuana but that she didn't know then what it was; that someone else placed it there, she didn't; that Martinez arrived during the search and he told the officers that the marihuana belonged to him, and that he had a key to her house.

The state and the appellant stipulated in the record that Jose Martinez had been theretofore convicted for the possession of marihuana and by the court placed on probation and that prior to the instant trial such probation had been revoked, one of the grounds of such revocation being that he had claimed the ownership of the marihuana in this case.

Appellant insists that the evidence is not sufficient to support the conviction.

The sufficiency of the evidence in this case must be tested under a state of facts which calls for an application of the law where the state has introduced in evidence a statement and a confession of the accused which are exculpatory.

In Reed v. State, 119 Tex. Cr. R. 459, 46 S.W. 2d 319, the sufficiency of the evidence was considered on the same grounds as here presented. There we said:

"The state having introduced the statement, it cannot ignore this latter exculpatory or mitigating fact and could dispose of it only by proof of its falsity. The statement put in evidence by the state tended, if true, to exonerate appellant, and the further facts in evidence do not disprove the statement of the appellant and his witness Chilton that the appellant acted in self-defense.

"In the case of Banks v. State, 56 Tex. Cr. R. 262, 119 S.W. 847, 848, Judge Davidson stated the rule to be: 'Where the state

puts in evidence the statements of the accused party which exculpates the accused, and does not directly or indirectly disprove them, the accused is entitled to an acquittal.'

"In the case of Huffman v. State, 97 Tex. Cr. R. 436, 262 S.W. 76, 77, Judge Lattimore, speaking for the court, said: 'When the state has placed in evidence a confession or statement of the accused which is exculpatory, the state is bound thereby unless the other testimony demonstrates the falsity of such statement'—citing Pharr v. State, 7 Tex. App. 472; Combs v. State, 52 Tex. Cr. R. 617, 108 S.W. 649; Pratt v. State, 53 Tex. Cr. R. 281, 109 S.W. 138; Bryan v. State, 54 Tex. Cr. R. 62, 111 S.W. 1035; Banks v. State, 56 Tex. Cr. R. 262, 119 S.W. 847; Winkler v. State, 58 Tex. Cr. R. 564, 126 S.W. 1134; Sanchez v. State, 67 Tex. Cr. R. 453, 149 S.W. 124; Menefee v. State, 67 Tex. Cr. R. 201, 149 S.W. 138, 141; De Leon v. State, 68 Tex. Cr. R. 625, 155 S.W. 247, 248; Forrester v. State, 93 Tex. Cr. R. 415, 248 S.W. 40, 26 A.L.R. 537; Mullins v. State, 88 Tex. Cr. R. 130, 225 S.W. 164."

We find no evidence in the record to disprove the statement of appellant offered by the state to the effect that the marihuana found in her home was placed there without her knowledge and contrary to her instructions and that appellant was not aware of its being there until the officers found it.

We find the evidence insufficient to sustain the conviction.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.