**John Hall JEFCOAT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59944.**

Court of Criminal Appeals of Texas, Panel No. 3.

March 10, 1982.

Rehearing Denied Feb. 2, 1983.

G. Bert Smith, Jr., Andrews, for appellant.

Glen Williamson, Dist. Atty., Kermit, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

This is an appeal from a conviction for committing the offense of voluntary manslaughter on an indictment charging murder. Punishment was assessed by the jury at 11 years' confinement in the Texas Department of Corrections.

The trial court, based upon the evidence, and without any objections, and commencing with the offense of murder, charged the jury in descending order on the offenses of voluntary manslaughter, criminally negligent homicide, and aggravated assault. Defensive issues of accident and self-defense were also submitted to the jury. The jury returned a verdict finding appellant guilty of the offense of voluntary manslaughter.

The facts of this cause show it to be a classic example of the offense of voluntary manslaughter. Appellant was convicted of killing his estranged wife, who he married in 1968. The marriage was not meant to be as it was plagued by constant arguments, harassment, threats to kill, and accusations of infidelity by the appellant, and inferentially by the deceased. The marriage finally culminated in separation in March, 1976, with appellant filing a divorce suit against his wife, who was described as a "stout" woman, being in size 5'9" tall and weighing during the marriage approximately 185 pounds, although at the time of her death she weighed only 135 pounds. Appellant was 6' tall and weighed 190 pounds. By the record, after the parties separated, the deceased became involved with several different men. She would torment the appellant with their presence at his place of employment and residence. She also unsuccessfully attempted to get her male friends to engage appellant in fisticuffs with them. This activity finally caused the appellant to go to the authorities where he filed "harassment" charges in the municipal court against the deceased and one of her male friends. The judge of the municipal court issued some sort of injunction against the deceased and her male friend. The deceased, who was known to maintain a base-

ball bat in her motor vehicle, was not without witnesses at appellant's trial as there was testimony that appellant had previously and openly threatened to kill her. However, the overwhelming evidence shows that appellant was simply, in the colloquial, a "hard working old boy," who attempted to ignore his wife's questionable activities. It was also evident that when appellant's wife would parade her male friends before appellant in an ostentatious manner this caused appellant great emotional distress. On the day in question, which was the day before the divorce was to be heard, the deceased arrived where the appellant was living and commenced accusing appellant of being in some sort of conspiracy with his attorney in order to delay the divorce proceedings, which would have altered her future plans, which plans are not shown by the evidence. While appellant was attempting to pacify his wife, one of her male friends arrived on the scene. Appellant told that person to leave, which statement upset the wife as she did not countenance appellant telling her male friend to leave, even though the person was actually present where appellant was then staying while separated from his wife. However, the male friend did thereafter leave. Appellant tried to get his wife to leave but she refused, even after appellant got a gun from a drawer and attempted to frighten her into leaving. Finally, during a scuffle in which appellant was holding the gun, the wife grabbed for the gun whereby the gun was fired only once by appellant. The bullet struck the right side of the wife's face, with the wound ultimately causing her death.

The testimony of appellant and that of the police officers who first arrived at the scene of the killing conflicted as to what appellant said to them at that time. The police officers testified that appellant told them that he pointed the gun at his wife to scare her and the hammer on the gun was cocked at that time. Appellant denied that the gun was cocked, or that he pointed the gun at the deceased. The testimony, however, was undisputed that appellant completely cooperated at all times with the police. All of the events in question were quite traumatic for appellant. Previously, after he and his wife separated, he had joined a local church. Appellant suffered a nervous breakdown after his release from jail, which resulted in him being hospitalized for two months.

V.T.C.A. Penal Code, Sec. 19.02, the offense of murder, provides:

(a) A person commits an offense if he:

(1) intentionally or knowingly causes the death of an individual;

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or

(3) commits or attempts to commit a felony, other than voluntary or involuntary manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

\* \* \* \* \* \*

V.T.C.A. Penal Code, Sec. 19.04, the offense of voluntary manslaughter, provides:

(a) A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause.

(b) 'Sudden passion' means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation.

(c) 'Adequate cause' means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.

\* \* \* \* \* \*

The indictment in this cause alleged in pertinent part that appellant did "... intentionally and knowingly cause the death of an individual, Mary Riley Jefcoat, by shooting her with a gun." This, of course, alleged the offense of murder, see Sec. 19.-02(a)(1), *supra.*

In the court's charge to the jury on the lesser included offense of voluntary manslaughter, and in applying the law to the facts, the court charged as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 28th day of July, A.D. 1976, in Andrews County, Texas, the Defendant, John Hall Jefcoat, did then and there intentionally cause the death of an individual, Mary Jefcoat, by shooting her with a gun, or that the Defendant did then and there intend to cause serious bodily injury to the said Mary Jefcoat, and with said intent to cause such injury did commit an act clearly dangerous to human life, to-wit: shooting the said Mary Jefcoat with a gun and causing the death of the said Mary Jefcoat, and you further find and believe from all the facts and circumstances in evidence in this case, the Defendant, in killing the deceased, if he did, acted under the immediate influence of sudden passion arising from an adequate cause, as those terms have been defined, then you will find the Defendant guilty of voluntary manslaughter.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of the offense of voluntary manslaughter and consider whether he is guilty of the lesser offense of criminally negligent homicide.

■ What we said in *Young v. State,* 605 S.W.2d 550 (Tex.Cr.App.1980), is dispositive of this appeal,[1] as the charge given in this cause was fundamentally defective. The conviction must therefore be reversed and remanded for a new trial. In *Young,* a majority of this Court held:

This charge authorized a conviction under theories of voluntary manslaughter pursuant to V.T.C.A., Penal Code Sec. 19.04(a) coupled with both Sec. 19.02(a)(1) and Sec. 19.02(a)(2), whereas the indictment was drafted under Sec. 19.02(a)(1) only. Thus the jury was authorized to convict appellant under a theory not included in the indictment. Under this Court's holdings in *Garcia v. State,* Tex. Cr.App., 574 S.W.2d 133, and *Fella v. State,* Tex.Cr.App. 573 S.W.2d 548, reversal is required. (Footnote omitted.) *Id.* at 551.

See also *Colbert v. State,* 615 S.W.2d 754 (Tex.Cr.App.1981); *Deitch v. State,* 617 S.W.2d 695 (Tex.Cr.App.1981); *Garcia v. State,* 574 S.W.2d 133 (Tex.Cr.App.1978); and *Fella v. State,* 573 S.W.2d 548 (Tex.Cr. App.1978).

■ Appellant also challenges the sufficiency of the evidence, complaining, inter alia, that he was entitled to an acquittal because the State introduced in evidence oral exculpatory statements he made to the police. He relies upon *Medina v. State,* 164 Tex.Cr.R. 16, 296 S.W.2d 273 (1956); *Yarbrough v. State,* 125 Tex.Cr.R. 304, 67 S.W.2d 612 (1934); and *Robidoux v. State,* 116 Tex. Cr.R. 432, 34 S.W.2d 863 (1931). Even though the case must be reversed for a fundamentally defective jury charge, it is nevertheless necessary for this Court to review this contention as this ground of error, if sustained, would bar a retrial. See *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The appellant's reliance on the above cited cases is misplaced for several reasons. First, as stated in *Robidoux,* supra, "... the right of the accused in such instance *should be stated to the jury* in plain and unmistakable language, so that [the jury] may know that the defendant is entitled to an acquittal if such exculpatory statements be not disproved or shown to be false by other testimony." (Emphasis added.) *Id.*

---

1. *Young,* Id., was not decided until July 18, 1979. The trial of this cause commenced on

January 11, 1978. Because of this it is understandable why the trial court erred as it did.

34 S.W.2d at 865. A charge, albeit a deficient one, was given the jury in *Robidoux. Yarbrough,* supra, is actually not in point to appellant's contention, for there we reiterated the above rule regarding exculpatory statements, see *Robidoux,* supra, but also stated:

> ... However, the rule is not applicable in all cases.... For example, the rule has been relaxed in cases where the accused on trial testifies before the jury and his testimony is in accord with the exculpatory features of his confession or declarations, and his defensive theory arising from his testimony and coinciding with his exculpatory theory advanced in the confession or declarations is fairly submitted to the jury in the charge of the court.... Again, it has been held that the rule is not applicable where the state does not rely for a conviction wholly upon the statement of the accused.... It is not deemed necessary to mention other instances in which the rule has been relaxed.... *Id.* 67 S.W.2d at 613–14.

If appellant is contending that as a matter of law the only evidence presented by the State was of an exculpatory nature he is mistaken, Cf. *Medina,* supra, for the record demonstrates otherwise.

We reject appellant's contention because (1) he did testify in his own behalf and the trial court charged the jury on the two defensive theories he raised, and (2) appellant neither objected to the final charge nor requested a special charge on the law of exculpatory statements. Failure to object to the trial court's final charge because of an omission therein, or failure to submit a correct requested charge to fill the claimed void, waives all but fundamental error. *Duffy v. State,* 567 S.W.2d 197 (Tex. Cr.App.1978). See also *Rogers v. State,* 598 S.W.2d 258 (Tex.Cr.App.1980); *Richards v. State,* 511 S.W.2d 5 (Tex.Cr.App.1974). Failure of the trial court to charge on the law of exculpatory evidence was not fundamental error. *Duffy v. State,* supra.

It be appellant's contention that the evidence was insufficient to sustain the verdict of the jury finding him guilty of voluntary manslaughter, we find that the decision of *Braudrick v. State,* 572 S.W.2d 709 (Tex.Cr. App.1978), and its progeny are dispositive of this contention. *Braudrick,* Id. was decided after this case was tried. There, this Court stated:

> We therefore hold that causing death 'under the immediate influence of sudden passion arising from an adequate cause' is in the nature of a defense to murder that reduces that offense to the lesser included offense of voluntary manslaughter, and that the State need not prove such influence beyond a reasonable doubt to establish voluntary manslaughter, but that if raised by the evidence it must prove the absence of such influence beyond a reasonable doubt to establish murder.

> With this clear understanding of the nature of the 'immediate influence' element, appellant's grounds of error actually are tantamount to a claim that there is no evidence to support submission of the lesser included offense of voluntary manslaughter. The jury in returning a verdict of guilty of voluntary manslaughter found all of the statutory elements of murder were proven beyond a reasonable doubt, and further found a reasonable doubt on the defensive issue. We find the evidence was sufficient to support such reasonable doubt. (Footnote omitted.) *Id.* at 711.

The jury's verdict finding appellant guilty of voluntary manslaughter necessarily means that they found appellant guilty of murder. See *Paige v. State,* 573 S.W.2d 16 (Tex.Cr.App.1978).

Where an indictment or information charges a defendant with the offense of murder it is incumbent upon the State, in order to sustain a verdict of guilty, to prove beyond a reasonable doubt the elements of the alleged offense of murder. If, during the trial, the issue of voluntary manslaughter is raised it is also incumbent upon the State to prove beyond a reasonable doubt the absence of immediate influence in order to sustain a murder conviction. *Braudrick,*

supra.[2] The question of what constitutes an adequate cause is an issue of fact for the jury. *Roberts v. State,* 590 S.W.2d 498 (Tex.Cr.App.1979).

■ Thus, on appeal, if the issue of sufficiency is raised and a jury has found a defendant guilty of the offense of murder, as alleged by the charging instrument, and the issue of adequate cause was raised but rejected by the jury, this Court will make two determinations: (1) whether the evidence was sufficient to establish the offense of murder and (2) whether the evidence was sufficient to disprove the issue of adequate cause.

■ However, where a jury, as here, has found a defendant guilty of the lesser included offense of voluntary manslaughter it is only necessary for this Court to make the determination of whether or not the evidence was sufficient to establish the offense of murder. If that determination is made, and it is unfavorable to the defendant, the defendant is in no position to complain because the finding of the jury that the defendant was guilty of voluntary manslaughter, though error from the standpoint of a reviewing court, was error favorable to the defendant, of which he cannot complain on appeal.

The jury, as the trier of the facts, could have accepted appellant's testimony that the killing was either an accident or was done in self-defense. However, it chose not to do so. Nevertheless, it found appellant not guilty of murder but, based upon its version of the facts, found appellant guilty of the lesser included offense of voluntary manslaughter.

After reviewing the evidence we find that the evidence would support a finding of murder.

■ In addition to the other evidence presented, that was unfavorable to appellant, appellant himself testified that after his wife refused to leave the premises, after he told her male friend to leave and that person did leave, they argued. Appellant went and got a gun out of a drawer and told her: "Do you see this?" "Now, go on." During the ensuing struggle between the two of them appellant shot the deceased, which shot caused her death. Based upon the facts, we find that a reasonable jury would have been warranted, as the trier of the facts, in rejecting any exculpatory testimony and accepting only the incriminatory fact that the appellant intentionally caused the death of his wife. See V.T.C.A. Penal Code, Sec. 6.03(a). Further, when a deadly weapon is used, and death results, as occurred here, a presumption arises that the accused intended to kill his victim. *Nelson v. State,* 573 S.W.2d 9, 12 (Tex.Cr.App.1978). We, therefore, reject appellant's contention and hold that the evidence was sufficient to sustain the verdict of the jury finding appellant guilty of voluntary manslaughter.

Finding the charge of the court fundamentally defective, the judgment is ordered reversed and the cause remanded for a new trial.

TOM G. DAVIS, J., concurs in result only.

Before the court en banc.

2. *Braudrick* comports with what the Supreme Court said in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (to satisfy due process the prosecution must prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case).

Compare, however, *Isaac v. Engle,* 28 Cr.L. Rep. 2391, where a plurality of the Sixth Circuit Court ruled that the prosecutor must prove beyond a reasonable doubt whatever the State has defined as an element of the crime, but by the same token the prosecution must also meet whatever burden it has assumed with regard to the absence of affirmative defenses. Petition

for Certiorari has been granted by the Supreme Court, see *Engle v. Isaac,* 29 Cr.L.Rep. 4021, and oral arguments have been heard, 30 Cr.L. Rep. 4145. See, however, *Luck v. State,* 588 S.W.2d 371 (Tex.Cr.App.1979), where this Court held that a charge that instructed the jury that the burden of proof beyond a reasonable doubt was on the State to disprove the justification defense of self-defense, see V.T. C.A. Penal Code, 9.31, Cf. 2.04(d) was sufficient over the objection that it did not inform the jury that the State had to disprove beyond a reasonable doubt the issue of self-defense. E.g., *Bell v. State,* (Tex.App.Ct.—Dallas 1982) (No. 05–81–00132–CR, Jan. 20, 1982).

## OPINION ON STATE'S MOTION FOR REHEARING

PER CURIAM.

The original opinion in this cause found that *Young v. State,* 605 S.W.2d 550 (Tex. Cr.App.1980) was dispositive of this appeal and ordered the judgment reversed and the cause remanded for a new trial.

We granted the State leave to file a Motion for Rehearing in order to reconsider our holding in *Young,* supra, and, having done so, we adhere to that holding.

Accordingly, the State's Motion for Rehearing is denied.