Brenda STEWART, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–84–720–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 5, 1985.

746

Stephen A. Doggett, Richmond, for appellant.

Ralph L. Gonzalez, Dist. Atty., Richmond, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Brenda Stewart, appeals from the judgment of conviction for the offense of murder. The jury found appellant guilty and assessed punishment at ten years and one day confinement in the Texas Department of Corrections. We affirm.

On May 3, 1984, Odell Banks died as a result of a stab wound inflicted by appellant, Brenda Stewart. The fatal incident took place outside The Cinder Club in Richmond, Texas. Testimony by Felicia Jenkins, a state witness, revealed that the deceased, appellant and Lorene McGee, also charged with this offense, were all present at the Cinder Club on the evening of May 3, 1984.

Felicia Jenkins testified that when she arrived at the club she saw her step-sister,

Lorene McGee, arguing with the deceased outside the club. Lorene had a knife which she opened and was waving at Banks during their argument. This knife belonged to the appellant who had given it to Lorene earlier in the day. Felicia further stated that she told her step-sister that it was time to go home and that the argument was not called for. Finally, Felicia was able to get her step-sister down the steps and away from Banks.

Next, the testimony reveals that the appellant began arguing with Banks. There is conflict in the testimony regarding whether appellant or Banks struck the initial blow during this heated altercation. At some point during this altercation the appellant told Lorene to hand over the knife. Further testimony by Felicia Jenkins is as follows:

"And Lorene tossed her the knife and she said, 'This is my goddamned knife, and I'll stab you.' And she went up there to stab him. She came down the steps saying she didn't care if she did stab him. People was telling her that she stabbed him, and that boy was going to die. She said she didn't care. Didn't give a damn if he died."

When asked if she saw a knife or any other instrument in decedent's hands, Felicia said no.

Additional testimony by Patrice Jenkins, state's witness, revealed that at the time of the stabbing Banks was trying to retreat, but there were several people standing behind him in the doorway and he was unable to back up. Patrice testified that she overheard the appellant bragging and shouting, "I stabbed him. I stabbed that bastard. I don't give a damn if he die and all that."

In the first ground of error, appellant alleges that the trial court erred in admitting into evidence over appellant's timely objection the victim's blood stained trousers.

■ It has been held that bloody clothing is admissible if it has relevance such that a verbal description thereof would be

admissible. *Short v. State*, 511 S.W.2d 288 (Tex.Crim.App.1974), *Harrison v. State*, 501 S.W.2d 668 (Tex.Crim.App.1973). In the case at hand, there was testimony by the police officer who arrived on the scene describing the decedent and his stab wound as it appeared on the night of the murder. Additionally, a photograph of Banks was admitted into evidence. In light of the officer's testimony and the admitted photograph, we find that the trial court did not abuse its discretion in admitting the blood stained trousers into evidence.

To further substantiate the admission of the decedent's blood stained trousers we look to other similar holdings. In *Harrison v. State*, 501 S.W.2d 668, 669 (Tex. Crim.App.1973), the court stated that it could not be argued that it was not relevant for witnesses to recount the discovery of the body and the bloody clothing in the vicinity and to fully describe the same. By the same reasoning as was used to approve the use of the photographs, the clothing itself would be relevant and admissible. Such clothing would aid the jury to know the facts of the case, and it was entitled to no less. The court in *Bradford v. State*, 608 S.W.2d 918, 920–921 (Tex.Crim.App. 1980) held that if a verbal description of the body and scene are admissible, the clothing worn by the victim of the offense, even if blood stained, is admissible into evidence, provided that it is not offered solely to inflame the minds of the jury.

We find a description of the victim's body and clothing at the scene of the offense were admissible to throw light on the transaction and reveal its general nature. Such verbal description being admissible, the clothing worn by the deceased is likewise admissible into evidence. We overrule appellant's first ground of error.

Appellant alleges in the second ground of error that the evidence was insufficient to support a verdict of guilt for murder. The standard for reviewing the sufficiency of evidence is whether, after reviewing the evidence in a light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Jackson v. State*, 672 S.W.2d 801, 807 (Tex.Crim. App.1984); *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim.App.1981).

The evidence reveals the appellant joined in an altercation between her friend, Lorene McGee, and Banks. The presented evidence was that appellant retrieved her knife from Lorene whereupon she was heard to say "This is my goddamned knife and I'll stab you." The testimony established that Banks was in the process of backing away from the appellant, but was prevented from leaving by the surrounding crowd. The appellant at that point in time ran up to Banks and stabbed him one time in the chest. The appellant then turned around and ran from the scene. Immediately after the stabbing the appellant was overheard saying, "I stabbed the motherfucker. I stabbed him, I stabbed the bastard. I don't give a damn if he dies."

We find that the evidence clearly supports a guilty verdict as found by the jury and accordingly overrule appellant's second ground of error.

In grounds of error three and four, appellant alleges that the trial court erred by failing to submit a jury charge on the lesser included offenses of involuntary manslaughter and criminally negligent homicide. The court in *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App.1981) stated a two step analysis to determine whether a charge on a lesser included offense is required. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Eldred v. State*, 578 S.W.2d 721 (Tex.Crim.App.1982); *Bravo v. State*, 627 S.W.2d 152 (Tex.Crim. App.1982). The court in *Bravo v. State, supra*, went further in explaining the issue by citing the court in *McBrayer v. State*, 504 S.W.2d 445 (Tex.Crim.App.1974) "... A charge on a lesser included offense is not required unless the evidence raises that

issue... and if the evidence only raises the issue that the accused is guilty of the offense charged or no offense at all, the issue of a lesser included offense is not raised." The Court went even further by citing *Daywood v. State*, 157 Tex.Crim.R. 266, 248 S.W.2d 479 (1952) in its explanation of lesser included offenses. "... At this juncture, it will be noted that, merely because a lesser included offense is included within the proof of a greater offense, *a charge on the lesser is not required* unless there is testimony raising the issue that the appellant, if guilty at all, is guilty only of a lesser offense included in the greater offense charged."

The determination of whether or not the facts in our case require a charge on the two lesser included offenses was decided by the court in *Centamore v. State*, 632 S.W.2d 778 (Tex.App.—Houston [14th Dist.] 1982), no pet. in which the court took into account "... whether appellant (1) knew his conduct was reasonably certain to cause death ... (2) was aware of, but consciously disregarded a substantial and justifiable risk that his conduct would cause ... death ... (3) ought to have been aware of a substantial and unjustifiable risk that death would result. Finally, in *Dillon v. State*, 574 S.W.2d 92 (Tex.Crim.App.1978) the court stated that in reviewing the record they found no evidence in the record which would raise a fact issue that the appellant was not fully knowledgeable of his conduct ..."

■ In the instant case, all the evidence indicates that the appellants' actions were intentional and with knowledge of the risks involved. Testimony by one of the state's witnesses shows that appellant was the first to strike at the decedent although appellant herself denied this. Testimony further revealed that the appellant asked Lorene for the knife and her statements: "I stabbed the mother fucker. I stabbed him. I stabbed that bastard. I don't give a damn if he die ...," clearly indicate appellant's intent and awareness of the situation. Finally, in viewing the evidence as a whole, we cannot conclude that the evidence showed that the appellant killed the deceased recklessly or by accident or mistake as is required by the charge of involuntary manslaughter, nor can we conclude that the appellant caused the death of the deceased by criminal negligence as is required by the charge of criminal negligent homicide. We overrule appellant's third and fourth grounds of error.

■ In the fifth ground of error, appellant alleges that the trial court erred in failing to affirmatively submit a charge to the jury on the defense of accident. The Texas Penal Code, section 6.01 states:

(a) A person commits an offense *only if* he voluntarily engages in conduct, including an act, an omission, or possession.

Section 6.01 of the Texas Penal Code state:

(a) ... A person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

Clearly a person does not commit an offense in Texas if he does so by accident without the necessary culpable intent. *Shoelman v. State*, 644 S.W.2d 727, 732 (Tex.Crim.App.1983).

■ The evidence presented in this case illustrates that the appellant committed the stabbing voluntarily and intentionally. The defense of accident simply was not at issue in this case. We overrule appellant's fifth ground of error.

■ In appellant's sixth ground of error she alleges that the trial court erred in failing to submit a jury charge on mistake of fact. The Texas Penal Code § 8.02 defines *mistake of fact* as follows:

(a) It is a defense to a prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

"Reasonable belief" is defined as a "belief that would be held by an ordinary and prudent man in the same circumstances as the actor." Tex.Penal Code Ann. § 1.07(a)(31) (Vernon 1974). The kind of

culpability required for the commission of the offense charged in the indictment, i.e.: Murder, is "intentionally", "knowingly" or "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." Tex.Penal Code Ann. § 19.02(a)(1) and (2) (Vernon 1981). The general rule is that a defendant is entitled to submission of every defensive issue raised by the evidence. *Jackson v. State,* 646 S.W.2d 225 (Tex. Crim.App.1983). However, in the instant case we find that the defense of mistake of fact was not raised by the evidence.

■ In light of appellant's own testimony concerning the incident in question together with testimony of surrounding witnesses, we find that appellant possessed the necessary intent and knowledge required to meet the culpable state of mind necessary for murder, the offense charged in this case. We find that the trial court did not err by denying the charge on the defense of mistake of fact. We overrule appellant's sixth ground of error.

In the seventh ground of error, appellant alleges that the trial court erred in failing to submit an instruction on exculpatory statement.

The appellant relies on *Palafox v. State,* 608 S.W.2d 177 (Tex.Crim.App.1980) wherein a written statement made by the defendant was introduced into evidence. In that case the court stated:

It is well settled that [w]here the state puts in evidence that statements of the accused party which exculpates the accused, and does not directly or indirectly disprove them, the accused is entitled to an acquittal. *Banks v. State,* 56 Tex.Cr.R. 262, 265, 119 S.W. 847, 848 (1909). The rule was stated in somewhat different language in *Huffman v. State,* 97 Tex.Cr.R. 436, 438, 262 S.W. 76, 77 (1924): "[w]hen the State has placed in evidence a confession or statement of the accused which is exculpatory, the State is bound thereby unless the other testimony demonstrates the falsity of such statement." Of course, it is necessary that the confession or statement amount to an admission plus an as-

sertion that would exculpate the accused from the crime charged. *Davis v. State,* 474 S.W.2d 466 (Tex.Crim.App.1971); *Brown v. State,* 475 S.W.2d 938 (Tex.Crim. App.1971); *Simon v. State,* 488 S.W.2d 439 (Tex.Crim.App.1972).

■ To invoke this rule it must first be established that the accused has admitted doing the acts which would ordinarily constitute the gravamen of the offense. Then, this Court must determine whether the statements alleged to be exculpatory are such as would clear or tend to clear the accused from fault or guilt. Finally, it must appear that the State has not refuted the exculpatory statement. *Palafox v. State,* 608 S.W.2d 177 (Tex.Crim.App.1980).

■ The rule discussed in *Palafox* is only an application of the general rule that a party is bound to the truth of evidence which he introduces; for example, the State is bound by the testimony of third parties when the State offers their testimony and certain parts of their statements tend to exonerate the accused *Menefee v. State,* 67 Tex.Crim. 201, 149 S.W. 138 (1912).

The appellant's claim of exculpatory evidence rests upon a statement made to her sister, Clestine Walker, shortly after the stabbing. The statement made by the appellant to her sister came out on direct examination by the State as follows:

Q. And who did you see then, ma'am?

A. Brenda and Lorene.

Q. Did they talk to you?

A. Lorene had told me that my sister had stabbed Odell (Banks).

Q. Did your sister say anything?

A. No. *She had told me she didn't know she had stabbed him.*

■ This statement attributed to appellant does not contain an admission by her that she committed the "acts which normally constitute the offense alleged in the indictment". *Palafox v. State, supra.* We find that the appellant was not entitled to an instruction on exculpatory statements and overrule her seventh ground of error.

In ground of error eight, appellant alleges that the trial court erred in excluding testimony in the punishment phase of the trial that a co-defendant received a probated sentence. Appellant's co-defendant was not called as a witness by either the state or the defense. The disposition of the prosecution against the co-defendant never became admissible, and the trial court properly refused to let defense counsel introduce such evidence before the jury. *Rodriquez v. State,* 552 S.W.2d 451 (Tex.Crim.App.1977); *Adams v. State,* 531 S.W.2d 626 (Tex.Crim.App.1976). We find that the trial court properly excluded testimony in the punishment stage of the trial that a co-defendant received a probated sentence. We overrule the eighth ground of error.

Accordingly, the judgment of the trial court is affirmed.