Opinion issued March 25, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00907-CR




JOHN BRADFORD CROW, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 735352









MEMORANDUM OPINION

          A jury found appellant, John Bradford Crow, guilty of murder and assessed
punishment at confinement for 16 years. On appeal, appellant contends that the
evidence was legally insufficient to convict him of murder.
          We affirm.
Facts
          On the morning of February 25, 1996, appellant shot and killed Teri Nelson,
complainant, with a .41-magnum revolver during an argument at appellant’s
townhouse in Pasadena, Texas. 
Legal Sufficiency of the Evidence
          In his sole point of error, appellant asserts that the evidence presented at trial
was legally insufficient to convict him of murder because “there is, at most, a mere
modicum of evidence to support the jury’s verdict of guilt that appellant either
intentionally caused the death of [complainant] or intended to cause serious bodily
injury and caused her death by committing an act clearly dangerous to human life,
viz, shooting her with a firearm.”
          A legal sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). The jury’s verdict must stand
unless it is found to be irrational or unsupported by more than a “mere modicum” of
evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
          We note that, as the exclusive judges of the facts, the credibility of the
witnesses, and the weight to be given their testimony, the jury may believe or
disbelieve all or any part of a witness’s testimony. Penagraph v. State, 623 S.W.2d
341, 343 (Tex. Crim. App. 1981) (“A jury is entitled to accept one version of the facts
and reject another or reject any of a witness’s testimony.”). Similarly, reconciliation
of conflicts in the evidence is within the exclusive province of the fact finder. Jones
v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). Thus, in reviewing a legal
sufficiency complaint, we consider only the evidence that supports the verdict and
ultimately disregard any evidence that does not support the verdict. See Clewis v.
State, 922 S.W.2d 126, 132 n. 10 (Tex. Crim. App. 1996). 
          This standard of review is the same for both direct and circumstantial evidence
cases. Dorsey v. State, 24 S.W.3d 921, 924 (Tex. App.—Beaumont 2000, no pet.). 
          A person commits the offense of murder if, inter alia, that person (1)
intentionally or knowingly causes the death of an individual or (2) intends to cause
serious bodily injury and commits an act clearly dangerous to human life that causes
the death of an individual. Tex. Penal Code Ann. § 19.02(b) (Vernon 2003). 
 
          A person acts intentionally, with respect to the nature of his conduct or to a
result of his conduct, when it is his conscious objective or desire to engage in the
conduct or cause the result. Tex. Penal Code Ann. § 6.03(a) (Vernon 2003). A
person acts knowingly with respect to a result of his conduct when he is aware that
his conduct is reasonably certain to cause the result. Id. § 6.03(b). Intent can be
inferred from the acts, words, and conduct of the accused. Patrick v. State, 906
S.W.2d 481, 487 (Tex. Crim. App. 1995). Similarly, knowledge can be inferred from
the conduct of and remarks by the accused and from circumstances surrounding the
acts engaged in by the accused. See Dillon v. State, 574 S.W.2d 92, 94-95 (Tex.
Crim. App. 1978).
           Although appellant concedes he fired the shot that killed complainant, he
contends that the shooting was an accident and that the evidence was insufficient to
show an intent to kill. However, the use of a deadly weapon, itself, constitutes more
than a “mere modicum” of evidence concerning intent to kill. Moreno, 755 S.W.2d
at 868-69 n. 3. Moreover, appellant’s use of the gun creates a presumption that he
intended complainant’s death. See Jefcoat v. State, 644 S.W.2d 719, 725 (Tex. Crim.
App. 1982). The evidence presented at trial did not rebut the presumption that
appellant intended to kill complainant. 
          To the contrary, the evidence indicated that, although they were romantically
involved, appellant and complainant were suffering fissures in their relationship at
the time of the shooting. Indeed, the argument in which the couple was engaged at
the time of the shooting had started the previous afternoon and continued through the
night. This protracted argument included physical and verbal abuse, threats of
suicide, threats of murder, and attempts on appellant’s part to end the relationship and
turn complainant out of his townhouse. Moreover, despite claims by complainant that
she was going to kill herself and her repeated attempts to grab the gun, appellant
neither secured the gun in another part of the house, nor unloaded the gun. Instead,
appellant left the gun in an area easily accessible to complainant and, during the last
stage of this argument, carried the .41-magnum with which he shot complainant,
knowing that the gun was loaded. 
          The evidence also indicated that the trajectory at which the bullet traveled (as
determined by the hole the bullet made in appellant’s wall after it exited
complainant), as well as the height of the bullet’s path, were consistent with
appellant’s extending the gun directly in front of him when firing. There was also
evidence that appellant did not aid in attempts to help complainant after the shooting
and that, after the shooting, the gun was found under appellant’s bed as if it had been
hidden.
          Viewing the evidence in the light most favorable to the jury’s verdict, we
conclude that a rational trier of fact could have found beyond a reasonable doubt that 
 
appellant had the intent to kill complainant. Accordingly, we hold that the evidence
was legally sufficient to convict appellant of murder.
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Do not publish. Tex. R. App. P. 47.2(b).