

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0094-08

**STEVEN SANCHEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

KELLER, P.J., filed a concurring opinion in which WOMACK, HOLCOMB, and COCHRAN, JJ., joined.

The legislature has decided to punish possession of cough medicine with codeine less severely than possession of codeine alone. They accomplished this by making possession of codeine mixed with certain cough medicine ingredients, such as promethazine, a Penalty Group 4 offense,[1] and making possession of codeine alone a Penalty Group 1 offense.[2] Codeine is defined in Penalty Group 1 as "Codeine not listed in Penalty Group...4."

---

[1] TEX. HEALTH & SAFETY CODE §481.105(1).

[2] *Id.*, §481.102(3)(A).

Appellant was charged with possession of codeine mixed with promethazine. Appellant's sufficiency challenge essentially amounts to a claim that the State proved that he possessed codeine, but failed to prove that it was in the proper amount of cough medicine. The court of appeals agreed that there was a failure of proof and found that this failure of proof entitled appellant to an acquittal.[3] I agree with the Court that there was sufficient evidence to show the proper proportion of promethazine, but there is another problem with appellant's argument.

The problem is that, in the absence of cough medicine in the proper proportion, appellant would be guilty of a *greater* offense – i.e., possession of codeine under Penalty Group 1.[4] Essentially, one element of the Penalty Group 1 offense negates a mitigating factor – namely, the status of belonging to Penalty Group 4. This Court has sometimes conceived of the relationship between the offenses of murder and voluntary manslaughter in a similar manner. Murder was seen as containing an implied element of lack of sudden passion. Voluntary manslaughter, which required sudden passion, was considered to be a lesser-included offense of murder under the "proof of the same or less . . . facts" test found in article 37.09(1),[5] though we later rejected that position in favor of lesser-included status based on a lesser culpable mental state under article 37.09(3).[6]

The controlled substances statute supports more compellingly the position that the offenses

---

[3] *Sanchez v. State*, 264 S.W.3d 132 (Tex. App.–Houston [1st Dist.] 2007).

[4] TEX. HEALTH & SAFETY CODE §§481.115, 481.118.

[5] *Moore v. State*, 969 S.W.2d 4, 9 (Tex. Crim. App. 1998) (citing TEX. CODE CRIM. PROC. art. 37.09(1)); art. 37.09(1) provides that an offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged."

[6] *Moore*, 969 S.W.2d at 9-10.

under consideration here are greater and lesser-included because the element that negates the mitigating factor need not be implied – it is expressly contained in the statutory language. So, under the test set out in article 37.09(1), possession of cough medicine with codeine is a lesser-included offense of possession of codeine.

This Court has struggled with the analytically similar situation of a defendant who seeks an acquittal on the basis that the evidence is insufficient to show the sudden passion element of voluntary manslaughter, even though the implication of his argument is that he is guilty of the greater offense of murder. When first confronted with this type of claim, this Court rejected the argument, holding that "[p]roof of a greater offense [murder] will sustain a conviction for a lesser included offense."[7] In *Bradley v. State*, this Court decided that sudden passion was, for at least some purposes, an "extra" element not included in murder and thus, the absence of evidence of sudden passion could result in an acquittal despite the fact that such a holding placed the court "in the ludicrous position of acquitting a defendant when there is sufficient evidence in the record that he is guilty of murder."[8] But the Court later retracted that holding in *Moore*, deciding that voluntary manslaughter was indeed a lesser-included offense of murder.[9]

The court of appeals engaged in the same fruitless struggle with the same absurd results as we faced in resolving *Moore*, but here we have explicit statutory language that supports even more strongly a holding that would deny the defendant a legal-sufficiency acquittal. I agree with Justice

---

[7] *Daniel v. State*, 668 S.W.2d 390, 394 (Tex. Crim. App. 1984); *see also Jefcoat v. State*, 644 S.W.2d 719, 725 (Tex. Crim. App. 1982).

[8] 688 S.W.2d at 853, 853 n.13.

[9] 969 S.W.2d at 9-10

Gaultney's comment in *Dudley v. State*, with regard to the very statute before us, that we should deny relief because "[b]ottom line, [the defendant's] point on appeal is that he may have been guilty of a greater offense than that for which he was convicted."[10]

      With these comments, I join the Court's opinion.

Filed: January 28, 2009
Publish

---

[10]  58 S.W.3d 296, 302 (Tex. App.–Beaumont 2001).