W. T. HITTSON v. THE STATE.

No. 19425. Delivered March 23, 1938.
Rehearing denied June 8, 1938.

68

The opinion states the case.

*Frank Sparks,* of Eastland, and *Jas. C. Mahan,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The appellant was convicted of striking R. L. Simms with an automobile, and failing to stop and render aid to Simms. His punishment was fixed at six months in the county jail, and a fine of $1,000.00, and from this judgment he has appealed.

Briefly the facts are these: Mr. Simms was proceeding to take some children to the picture show in Childress, and while waiting for the show to start he drove out on the highway toward Wellington and Shamrock. When some five or six miles out he started to turn around and the car would not run. Then Mr. Simms got out of the car, and that was the last time he was seen alive. Early the next morning a witness driving by saw the car with its lights burning, and finding the children in the car, went on down the road a short distance and there found the body of Mr. Simms, with both legs broken, the side of his face mashed in, and other bruises and injuries; some of his clothing torn off, his shoes torn off, and he was bareheaded. He was dead. From the marks on the paved road it looked as though the deceased was struck at some point near his car and carried some distance before being thrown off the striking car.

Appellant's defense was an alibi. He first complains of a search of his person after he had been placed in jail at Childress on the morning of the discovery of the deceased's body. It seems clear to us that appellant's car was the car that struck Mr. Simms. The windshield thereof was broken, the headlight was shattered, its fender bent, a hat later identified as Mr. Simms'

was found in said car, together with shattered glass, and a piece of human flesh. Upon being searched for evidence at the jail shattered glass was found in the right coat pocket and the trousers cuff of appellant, and his first bill of exceptions is to the introduction of such testimony. We think it unnecessary for us to pass on the legality of such search on account of the fact that appellant took the stand and himself testified relative to having such shattered glass in his trousers cuff and pocket, and gave his explanation for its presence there. Having so testified, it seems that he has waived his prior objection thereto.

Appellant's remaining bills all raise the question of the inadequacy of the court's charge relative to his defense of an alibi, that is, that the appellant was at the hotel in Childress at the time Mr. Simms was struck out on the highway, and therefore appellant could not have been driving or in control of the car that struck the deceased. The court's charge on an alibi is as follows: "There is presented in this case what is known in legal phraseology as an 'alibi'; that is, that if R. L. Simms was struck by an automobile as alleged, that the defendant was at said time at another and different place and therefore was not and could not have been the person driving nor the person in control of the automobile that struck, if it did, the said R. L. Simms as alleged in the indictment. Now if the evidence raises in your mind a reasonable doubt as to the presence of the defendant at the time and place that the said R. L. Simms is alleged to have been struck by an automobile, if he was so struck by an automobile, then you will acquit the defendant and so say by your verdict."

Appellant objected to such portion of the charge as too restrictive, a comment on the evidence, and that same requires the evidence to affirmatively raise the issue of a reasonable doubt in the jury's mind, and assumes the fact that R. L. Simms was struck by an automobile. While this charge may be rather peculiarly drawn, and it could have with all propriety been made more specific, nevertheless it seems to us to have presented the only defensive theory offered by the appellant. The appellant's defensive theory was presented therein, so it seems to us, and that is that he was not at the time and place where this tragedy occurred, and if the evidence did not remove every reasonable doubt relative to his presence there, then he should be acquitted.

The appellant also vigorously contends that the facts are insufficient upon which to predicate his conviction herein. As previously stated, there seems to be no question that appellant's

automobile was the one that caused the death of Mr. Simms. Granting this, and which the appellant did not question, then the alibi is the only remaining defense that appellant could rely upon, and same was presented and supported by a number of witnesses. The jury saw fit to discard their testimony, and their verdict of conviction is sustained by the State's testimony. Leo Smith testified that he worked at a filling station in Childress on the night Mr. Simms was killed, and appellant came to his station on that night in a Ford V-8. He seemed to be in a hurry. Appellant got out and put water in the car, and said he was going to Shamrock, and had about thirty minutes to go in. The distance from Childress to Shamrock was fifty-eight miles. Appellant tried to leave out of the station before the witness put the hood of the car down. He left out of the station going pretty fast, on a road that could lead toward Shamrock. This was somewhere between eight and nine o'clock P. M. The evidence at the scene of the tragedy indicated that Mr. Simms was struck by a car traveling from Childress toward Shamrock, and then further on down toward Shamrock evidence was found that a car, carrying similar tires to those on appellant's car, had turned around and proceeded towards the town of Childress, at which point a painted Ford headlight rim was found, and some broken glass similar to the kind of glass broken out of appellant's car. The appellant claims to have telephoned to a woman at Shamrock just a few minutes prior to his appearance at the filling station, where he seemed to be in such a hurry, and Mr. Morarity testified that he saw appellant at the filling station, saw him get out of his car, order gas and oil, and heard him say that he had thirty minutes to get to Shamrock as he had a red hot date. He heard him say that several times. There was also found in appellant's trousers cuff and coat pocket pieces of broken glass similar to that broken out of his automobile.

The appellant's alibi would seem to refute some of this testimony, but the jury evidently failed to give it full credence. We believe that the court's charge fully and fairly took care of the appellant's rights herein, and we also think that under the law there is a sufficient amount of facts shown to justify the jury in their verdict of guilty herein. So believing, this judgment will be affirmed.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In view of appellant's motion for rehearing we have again examined the record.

We are not in agreement with appellant's contention that the evidence should be held insufficient to support the conviction. It would serve no useful purpose to recount the testimony pro and con relating to the issue of guilt. It would at most reflect a conflict of evidence which the jury has resolved in favor of the State.

We fail to discover any vice in the court's instruction upon which a reversal may properly be predicated. Nothing therein could have misled or confused the jury. Appellant's defense was that he was not present when the accident occurred. This issue of alibi was submitted in such a way as not to be reversibly objectionable. Appellant contends, however, that the jury should have been told that if he was not driving the car which struck deceased he should be acquitted. If he was not present when the accident occurred he could not possibly have been driving the car. The issue of alibi covered the defense.

The motion for rehearing is overruled.