Leo Edward BOOTH, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–350–CR.
(2386cr).

Court of Appeals of Texas,
Corpus Christi.

May 6, 1982.

Charles L. Williams, Kingsville, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before NYE, C. J., and YOUNG, and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

Appellant was convicted of attempting to murder his wife by stabbing her with a knife. The jury assessed punishment at 15 years confinement in the Texas Department of Corrections.

Appellant contends the trial court erred in overruling appellant's motion to dismiss the indictment for failure to accord appellant a speedy trial under the provisions of Tex.Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp. 1981), which provides in part:

"Section 1, a Court shall grant a motion to set aside an indictment . . . if the State is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

Sec. 2 . . . (b) if a defendant is to be retried following a mistrial, . . . a criminal action commences for purposes of this article on the date of the mistrial . . ."

The first trial of this cause, which began on July 8, 1980, ended in a mistrial on July 10, 1980. Appellant filed his motion to set aside the indictment for violation of article 32A.02 (Speedy Trial Act) on November 18, 1980, undisputedly more than 120 days from the date of the mistrial. The cause was finally called to trial for December 15, 1980. The State had filed its written announcement of ready on December 14, 1980.

Article 32A.02 also contains several exceptions, periods of time in which the running of the limitations period on prosecution are tolled:

"Sec. 4 In computing the time by which the state must be ready for trial, the following periods shall be excluded:

(1) A reasonable period of delay resulting from other proceedings involving the defendant, including but not limited to proceedings for the determination of competence to stand trial, hearing on pretrial motions, appeals, and trials of other charges;"

■ The record reflects that following the mistrial, on July 16, 1980, the appellant moved for change of venue. The order

granting the venue change was entered on September 5, 1980. We hold that the period of time taken to rule on appellant's motion for change of venue should be excluded in computing the time by which the State was required to be ready to retry appellant. When this period is subtracted, it is found that the State filed its announcement of ready within the required 120-day period. Therefore, the State did not abridge appellant's right to a speedy trial as accorded by the provisions of article 32A.02.

Appellant raises three points of error which concern the testimony of a prosecution witness about a statement allegedly made by appellant several weeks prior to the stabbing which gave rise to the instant charge. Over timely objection by appellant's trial counsel, Witness Brice Lacy was permitted to recount for the jury a conversation which he had with appellant some time in February, 1980, at a manufacturing company in Indiana at which the two were employed at the time. Speaking of the appellant, Lacy testified as follows:

"... Out of the clear blue, this guy said, 'You know what I think I will do?' And I said, 'Do what?' He said, 'I think I will stab her,' and I said, 'What are you talking about? Stab who?' And he said, 'Paula,' [appellant's wife] and he said that he would use a small bladed knife to stab her with and not hit any vital organs or anything so that he wouldn't kill her, and that if he did that, then he would get arrested, then he would get released from all his pressures and things that he had from his first wife and being divorced and financial trouble that he had had and said that he would plead temporary insanity and if he did, then he would get off with a lesser charge."

■ On appeal, appellant complains that the trial court erred in receiving Lacy's testimony about the alleged statement of appellant because it was *"prejudicial"* and *"not evidence of an intent to commit murder."* At the trial, however, appellant's counsel's objection was not the same as the objection stated in his ground of error in this Court. His objection at trial to the above mentioned testimony was grounded on the expectation that the State's attorney "would be going into a collateral matter" ... "an extraneous matter," ... and [as such would be] "highly improper and prejudicial..." We hold that appellant's ground of error fails to comport with appellant's trial time objection and thus presents nothing for review. *Bouchillon v. State*, 540 S.W.2d 319 (Tex.Cr.App.1976).

■ In any respect, the decision to accept or reject an offer of evidence is a matter of discretion for the trial court. Lacy's testimony as to the above quoted statements of the appellant prior to the act for which he was charged was certainly relevant to the issue of appellant's intent. We further hold that the trial court did not abuse its discretion in determining that the relevance and materiality of the evidence was not outweighed by the prejudicial or inflammatory effect it might have upon the jury.

Next appellant argues that the statement that was introduced invokes the rule that "where the State puts in evidence the statements of the accused party which exculpates the accused, and does not directly or indirectly disprove them, the accused is entitled to an acquittal." *Banks v. State*, 56 Tex.Cr.R. 262, 265, 119 S.W. 847, 848 (1909), as quoted in *Palafox v. State*, 608 S.W.2d 177, 181 (Tex.Cr.App.1979). We disagree.

■ The *Banks-Palafox* rule goes into effect when the State introduces a statement made by the accused which (1) admits his guilt and (2) goes on to clear or tend to clear the accused from fault or guilt. In the case before us the statement that was introduced by the State does not meet the first test. See *Palafox, supra*, at Page 181. In other words the statement of the accused must amount to an admission of guilt, followed with an assertion that would absolve, exonerate or vindicate the accused from blame or fault before the rule is invoked. *Simon v. State*, 488 S.W.2d 439 (Tex.Cr.App.1973). If the rule is invoked and the State does not directly or indirectly disprove the exculpatory statement, it is bound thereby. Here the statements testified to by witness Lacy were allegedly

made prior to the acts for which the appellant was charged. They did not amount to a confession by the defendant.

For the same reasons we have given for declining to invoke the Bank-Palafox rule, we hold that the appellant was not entitled to a special instruction on exculpatory statements. cf. *Simon v. State, supra; Brown v. State*, 475 S.W.2d 938 (Tex.Cr. App.1971); *Davis v. State*, 474 S.W.2d 466 (Tex.Cr.App.1971).

■ Appellant next contends the trial court erred in admitting into evidence over appellant's timely objection certain photographs depicting the wounds which the victim received in the attack which formed the basis for this prosecution. Specifically, the appellant maintains that the photographs were inflammatory and prejudicial and were not properly identified as being relevant and material to any issue before the court. This ground of error is without merit.

Prior to the introduction of the photographs complained of, the victim testified at length regarding the nature of the attack upon her by the appellant and the wounds she received as a result. Some of those wounds were exhibited physically to the jury. The victim testified that the photographs accurately represented the wounds she received, and made clear for the jury the distinction between the wounds and the results of surgical incisions or suture marks which were also revealed in some of the photographs. The prosecutor gave as his purpose for offering them "to show the specific intent and that it was knowingly and intentionally done." The proper predicate to admission of the photographs was thereby laid.

■ It is well settled that if a photograph is competent, material and relevant to the issues on trial, it is not rendered inadmissible merely because it may be gruesome or may tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the

same is also admissible. *Martin v. State*, 475 S.W.2d 265, 267 (Tex.Cr.App.1972). Such photographs depicting wounds have been held admissible to show the atrociousness of a physical attack. *Terry v. State*, 491 S.W.2d 161 (Tex.Cr.App.1973). Evidence of the violent nature of the attack is also competent, relevant and material to the issue of the culpable mental state of the appellant. Moreover, the photographs were not rendered inadmissible by the fact that the victim had undergone surgery at the sites of her injuries. Only where the results of surgery have obfuscated the results of the crime will otherwise accurate depictions be inadmissible. *Bailey v. State*, 532 S.W.2d 316, 321 (Tex.Cr.App.1976). Such was not the case in the instant prosecution. There was no error in the admission in evidence of the photographs complained of.

Next, the appellant alleges error in the trial court's receipt of testimony and evidence of an extraneous offense. Leland R. Combs testified that appellant, in the course of his escape following the attack on appellant's wife, had lunged at and stabbed Combs. This testimony was not objected to. However, appellant's counsel objected to further testimony regarding the details surrounding the stabbing of Combs.

■ Appellant relies upon *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972) and *McCann v. State*, 606 S.W.2d 897 (Tex.Cr. App.1980), cases which describe the standard of admissibility of evidence of extraneous offenses committed by the accused. We agree with the State's contention that those cases are distinguishable from the case at bar. They concern extraneous offenses which are not contemporaneous with the offense charged. The admissibility of the testimony and the evidence complained of in this ground of error is controlled by the doctrine which was reiterated in *Hoffert v. State*, 623 S.W.2d 141 (Tex.Crim. App.1981), in which it was stated:

"It is well settled that where an offense is one continuous transaction, or another offense is part of the case on trial, proof of all facts relating to the transaction or

other offense is proper as part of the circumstances attending the offense. . . . Such an extraneous transaction is admissible to show the context in which the instant offense occurred under the reasoning that events do not occur in a vacuum and the jury has a right to hear what events immediately surrounded the criminal act charged so that they may realistically evaluate the evidence. . . ."

Because the attack on Mr. Combs was part of a continuous transaction with the offense for which the appellant is charged, evidence thereof is admissible as part of the res gestae in order that the jury might have before it a complete view of the evidence.

Finally, appellant complains that the trial court incorrectly charged the jury on the issue of insanity. In its instruction to the jury, the court, gave the following charge:

"Now *if you believe from the evidence beyond reasonable doubt that* the defendant, Leo Edward Booth, *did attempt to murder* Paula A. Booth as alleged in the indictment, *or is guilty* of the lesser offense of aggravated assault, but you further believe by a preponderance of the evidence in the case, that at the time he committed said act, if he did, the defendant, as a result of mental disease or defect, either did not know that his conduct was wrong or that he was incapable of conforming his conduct to the requirements of the law he allegedly violated, then you will find the defendant 'not guilty by reason of insanity' and so state in your verdict." (emphasis supplied)

Appellant objects to the use of the terms "murder" and "guilty" as comments upon the weight of the evidence constituting assumptions of the truth of a controverted fact issue, i.e., the requisite mental state (intent) of the appellant.

The clauses containing the terms offensive to appellant were both modified by the charge, "if you believe from the evidence beyond a reasonable doubt . . ." All the elements of the offense charged and the lesser included offense were included in proper form in the charge. In this context the words used did not constitute an assumption of the truth of a controverted fact.

All of appellant's grounds of error have been considered and overruled. The judgment of the trial court is affirmed.