Noe Lara **TAVAREZ**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 13-81-247-CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 28, 1982.

Peter C. Gilman, Brownsville, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction of murder under Penal Code Section 19.-02(a)(1). A jury assessed punishment at 15 years in the Texas Department of Corrections.

Appellant seeks our review of the trial court's action in admitting morgue photographs of the deceased and in refusing to grant two requested jury instructions. He does not challenge the sufficiency of the evidence.

On the morning of March 21, 1980, Rolando Ledesma got into his truck to go to work. Before he could drive away, two men with guns rushed toward the truck and shot him six times through the driver-side window. Ledesma died of the wounds. His mother, Abelina Ledesma, who was standing nearby when the shooting occurred, identified the gunman as Noe Lara Tavarez, the appellant, and one Pablo Lara Vega. She knew both men by name and face from previous contacts. Appellant tes-

tified that at the time of the shooting he was in another city washing his car. His alibi was corroborated by two other witnesses.

In ground of error one, appellant contends the trial court erred in admitting three photographs showing the gunshot wounds on the body of the deceased.

The autopsy doctor told the jury that Ledesma received six bullet wounds to the left side of his body and described the location and nature of each wound. The prosecutor then presented the doctor with three photographs marked State's exhibits 2, 3 and 4. All three pictures show the left side area of the deceased's nude body as it lay on an autopsy table. In exhibit 2, the body is positioned on its right side exposing the back area. Wounds to the upper left side of the back are visible. In exhibits 2 and 3, the body is resting on its back showing wounds to the upper left side of the chest.

■ The location, nature, and extent of the wounds suffered by the deceased were relevant to the issue of the cause of death and to corroborate the eyewitness testimony of Abelina Ledesma. The doctor used the photographs to point out wounds that he had previously described. The photographs served to illustrate and clarify his testimony and, therefore, were admissible. *Bailey v. State,* 532 S.W.2d 316 (Tex.Cr.App.1976); *Provost v. State,* 514 S.W.2d 269, 272 (Tex.Cr.App.1974); *Booth v. State,* 635 S.W.2d 767, 770 (Tex.App.—Corpus Christi 1982).

Under ground of error two, appellant complains that the trial court erred when two instructions he had requested were not included in the charge.

■ In the first request, appellant asked for the following instruction:

"You are instructed that the defendant, Noe Lara Tavarez, is entitled, under the laws of this state, to be judged on this indictment as charged alone and individually. And, accordingly, unless you determine and find from the evidence beyond a reasonable doubt that this defendant did not act with another person or other

persons, and did not act knowingly or intentionally in connection with the commission of the offense in question, or if you have a reasonable doubt thereof, you will acquit this defendant."

This instruction is contrary to the law applicable to the case. This instruction would require the jury to acquit the defendant if they believed beyond a reasonable doubt that he acted alone and acted intentionally or knowingly in committing the crime. Tex.Penal Code Ann. § 19.02(a)(1) (Vernon 1974) provides that a person commits murder if he "intentionally or knowingly caused the death of an individual," and section 7.01(a) of the Code provides that "A person is criminally responsible as a party to an offense if the offense is committed *by his own conduct,* by the conduct of another for which he is criminally responsible, or by both." (emphasis supplied). In the second request, appellant asked for this instruction:

> "You are instructed that if you find from the evidence that some person or persons other than the defendant, acted independently and without the knowledge of the defendant in the commission of the offense in question, or if you have reasonable doubt thereof, you will find this defendant not guilty."

The court gave this instruction on the law of alibi:

> "A defense raised by the Defendant in this case is what is known as an alibi, that is, that if the offense was committed, as alleged, the Defendant was, at the time of the commission thereof, at another and different place from that at which such offense was committed and, therefore, was not and could not have been the person who committed the same. Now if you have a reasonable doubt as to the presence of the Defendant at the place where the offense was committed, if an offense was committed, at the time of the commission thereof, then you will find the Defendant not guilty."

■ Under the circumstances of this case, the alibi charge given by the court was adequate to cover the defense that death resulted from the independent acts of third parties. If the jury believed that appellant was at another place when the shooting occurred, they necessarily believed that someone other than the defendant did the killing. *Hittson v. State,* 135 Tex.Cr.R. 67, 117 S.W.2d 90 (1938).

 In ground of error three, appellant contends that the trial court erred in refusing to set out in the charge the conditions that the appellant would be subject to if he were granted probation. While information of this kind may be put into the charge, it is not required. The trial court's refusal, therefore, was not error. *Flores v. State,* 513 S.W.2d 66, 69 (Tex.Cr.App.1974).

We have carefully considered all grounds of error which have been brought forward by appellant. None have any merit, and they are overruled.

The judgment of the trial court is AFFIRMED.