**Arnulfo ACOSTA, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–123–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 26, 1983.

Rehearing Denied Sept. 8, 1983.

Discretionary Review Refused
Nov. 23, 1983.

Abel Toscano, Harlingen, for appellant.

Edna Cisneros, Dist. Atty., Raymondville, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

This is a murder case. The deceased, Jorge Gutierrez, and appellant had words with each other in a lounge in Raymondville and then parted company. Later, the deceased was seen holding his stomach and, still later, was seen lying on a sidewalk bleeding profusely. He was taken by ambulance to Valley Baptist Hospital in Harlingen.

Appellant was convicted of the murder of the deceased by a jury and punishment was assessed by the jury at confinement for 46 years. We affirm.

Appellant's brief presents five grounds of error. We first address grounds of error four and five which have to do with the evidence. Ground number four alleges error in admitting the testimony of one Alfredo Alejandro into evidence. He was the only eyewitness to the stabbing and identified appellant in court as the one who had stabbed the deceased. It is argued that a group of pictures shown to Alejandro before trial was so suggestive of appellant's identity as to taint his testimony.

In determining whether a photographic display is impermissibly suggestive, thus tainting the in-court identification, the court should examine the totality of the surrounding circumstances. Each case must be decided on its own facts. *Atkinson v. State*, 511 S.W.2d 293 (Tex.Cr.App.1974).

Before Alejandro was allowed to testify before the jury the trial judge conducted the type of hearing suggested in *Martinez v. State*, 437 S.W.2d 842 (Tex.Cr.App.1969) and filed his findings which concluded that the pretrial "show up" was not tainted. We have studied the record and viewed the photographs and we reach the same conclusion. Appellant's ground of error number four is overruled.

Ground of error number five attacks the sufficiency of the evidence to sustain a conviction. In ruling upon this ground of error, we will view the evidence in the light most favorable to the verdict. *Ransonette v. State*, 550 S.W.2d 36 (Tex.Cr.App.1976). The witness, Alfredo Alejandro, identified appellant in the courtroom by saying "Yes, I think that's him," and "That is the guy that looks like him because his face was towards me." The fact that a witness cannot be positive in his identification goes to the weight of the testimony and not to its admissibility. *Martinez v. State*, 507 S.W.2d 223 (Tex.Cr.App.1974).

In addition, there were circumstances tending to connect appellant to the murder. Appellant had earlier had words with the deceased when the deceased tried to make a date with appellant's girlfriend. Later, appellant became angry with his girlfriend and left her in a restaurant from which he went to the vicinity of the assault at the approximate time of the assault. In addition, witnesses described the car in which the assailant fled the scene of the

assault to be similar to the one appellant had earlier borrowed from a friend.

We hold the evidence to be sufficient to support the verdict. Appellant's fifth ground of error is overruled.

■ Ground of error number one contends that the courts charge failed to define "intentionally". We consider the ground to be without merit. Also, we note that no objection was made to the omission nor was such a charge requested. Absent a written objection to the charge or a request, nothing is presented for review. *Slanker v. State,* 505 S.W.2d 274 (Tex.Cr.App.1974). Ground of error number one is overruled.

Ground of error number three alleges error in the trial court's denial of a motion for new trial based upon jury misconduct in returning a quotient verdict. The record reveals that subsequent to the verdict, appellant filed with his motion for new trial a signed but unsworn statement to the effect that an agreement had been made by the jurors to return a quotient verdict. The State excepted, but appellant never filed a new and properly verified affidavit. At the hearing on the motion appellant's counsel stated that the juror was reluctant to notarize the statement. Neither the maker of the statement, nor any other juror was called as a witness.

■ A motion alleging impropriety in the jury room must be supported by an affidavit of a juror, or some other person who was in a position to know the facts before it is sufficient as a pleading. *Stubbs v. State,* 457 S.W.2d 563 (Tex.Cr.App.1970). The trial court properly denied the motion for new trial. Appellant's ground of error number three is overruled.

■ Ground of error number two alleges error in the introduction of a photograph of the deceased after he was dead which shows an incision in his abdomen made by a physician in an effort to save deceased's life.

In *Martin v. State,* 475 S.W.2d 265 (Tex. Cr.App.1972) it was held not to be error to admit a photograph of deceased's face showing bullet holes and dried blood there-

on. It was said in *Martin,* "We hold that if a photograph is competent, material and relevent to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible." 475 S.W.2d at 767.

*Terry v. State,* 491 S.W.2d 161 (Tex.Cr. App.1973), cited by appellant, modified the rule to say that it was reversible error to show to the jury certain photographs in which, in addition to the trauma to the child's body caused by a beating, there was also depicted evidence of incisions made by a pathologist during an autopsy. It was there held that "... the autopsy pictures clearly served to inflame the minds of the jury, and the trial court abused its discretion by not sustaining appellant's objection to this admission." 491 S.W.2d at 164.

In neither *Terry* nor the instant case, was the identity of the deceased an issue. We note also that the jury which viewed the photographs in the case before us assessed appellant's punishment at confinement for 46 years. In *Terry,* the punishment assessed was confinement for 5 years for killing a one month old baby.

The photograph in question shows the deceased lying on a table. The stab wound is described by the physician who attended the deceased as not quite two inches long. The incision which this physician made is obviously much larger. An examination of the photograph reveals that the physician's incision is the first thing one notices. The physician stated "we made an incision down the middle of the abdomen." It was apparent from the testimony that the incision was of sufficient size to permit viewing "several injuries internally."

However, subsequent to *Terry,* the Court of Criminal Appeals decided *Bailey v. State,* 532 S.W.2d 316 (Tex.Cr.App.1975). In affirming the conviction in *Bailey,* the Court stated the law to be that only where the results of surgery have obfuscated the re-

sults of the crime will otherwise accurate depictions be inadmissible. 532 S.W.2d at 321. Apparently, the court in *Bailey* also considered the fact that the physician carefully pointed out and distinguished the wounds from the surgery. In the case before us the surgery did not conceal the wounds and was fully explained to the jury.

In any event, in virtually all of the cases cited herein as well as many others it has been held that the admissibility of such exhibits rests largely within the sound discretion of the trial judge. We conclude that the judge did not abuse his discretion in the case before us. Ground of error number two is overruled.

The judgment of the trial court is AFFIRMED.