Kenneth Dale **REIMER**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 13–82–337–CR.

Court of Appeals of Texas,
Corpus Christi.

Sept. 1, 1983.

Ernesto Gonzales, Harlingen, for appellant.

Edna Cisneros, Dist. Atty., Raymondville, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a conviction for murder. The jury assessed punishment at life in prison. Appellant alleges that various errors were committed during voir dire and in the admission of some photographs of the deceased. We affirm.

Appellant was twenty (20) years old at the time of the offense and had a prior criminal record. His sole defense of temporary insanity was rejected by the jury. The sufficiency of the evidence is not challenged.

### Facts

Brent Harris, appellant's roommate, testified that on the night of the murder, December 23, 1981, appellant came home with blood on his hands. In response to Harris' questions, appellant said he had stabbed a woman. Harris urged appellant to go to the police, and he then drove appellant to the Weslaco Police Department. On the way, appellant told Harris that he had stabbed the lady who had loaned him a TV and that her body was at her trailer. Harris did not know the deceased. According to Harris, appellant was "pretty quiet" on the way to the police station, revealing none of the details except to say that "he just kept stabbing her."

The dispatcher at the Weslaco Police Department testified that appellant came into the station on December 24, 1981, at 12:45 a.m. and said, "I want to turn myself in for murder." Thereafter, appellant signed a written confession and several days later he signed a supplemental confession.

Appellant's confessions were admitted into evidence and he also took the stand and admitted the killing. The pathologist testi-

fied that the body had sixty-nine (69) separate stab, cut, or slice wounds.

We will first consider appellant's alleged errors during the voir dire examination. Appellant contends that the prosecutor made improper and erroneous statements about the case during voir dire. We have reviewed the record and find that no objection was raised at the time the statements were made and thus nothing has been preserved for appellate review. *Riles v. State,* 595 S.W.2d 858 (Tex.Cr.App.1980); *Burks v. State,* 583 S.W.2d 389, 396 (Tex.Cr. App.1979). Appellant's first and second grounds of error are overruled.

In his third ground of error, appellant challenges the admissibility of certain photographs depicting the scene of the crime, the deceased's body, and various objects which were located near the scene.

Before we address the merits of the appellant's argument, we are constrained to point out an inconsistency in the standard in the case law for reviewing a trial court's decision to admit photographs in a trial. In the leading case of *Martin v. State,* 475 S.W.2d 265 (Tex.Cr.App.1972) the Court of Criminal Appeals articulated the standard for admissability as follows:

> "A determination as to the admissibility of photographic evidence is made upon the same basis as is a decision on the admissibility of other types of evidence and must rest largely in the discretion of the trial judge. *Lanham v. State,* Tex. Crim.App., 474 S.W.2d 197 (1971).
>
> \* \* \* \* \* \*
>
> We hold that if a photograph is competent, material, and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome, or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible.
>
> \* \* \* \* \* \*
>
> We recognize there will be cases where the probative value of the photographs is

very slight and the inflammatory aspects great; in such cases it would be an abuse of discretion to admit the same."

The first paragraph quoted above indicates that the admissibility of photographic evidence is made upon the same basis as is a decision on the admissibility of other types of evidence. Generally, the admission of evidence which is inflammatory, prejudicial and harmful, and which at the same time has little or no relevance to any issue in the case, requires reversal of the judgment. *Stanley v. State,* 606 S.W.2d 918 (Tex.Cr.App.1980); *Hernandez v. State,* 484 S.W.2d 754 (Tex.Cr.App.1972).

The second paragraph, however, indicates that a photograph is admissible regardless of its inflammatory nature if it is competent, material, and relevant (i.e., probative) unless the State offers it *solely to inflame the minds of the jury.* Literally speaking, however, if a photograph has probative value a legitimate reason exists for its admissibility. Therefore, it might be offered by the State *primarily* to inflame the jury but it can never be offered *solely* for that purpose. Moreover, the admissibility of evidence should not be contingent upon the intent of the party making the offer. Rather, the trial court's decision to admit evidence should be based upon the character of the evidence offered, not upon circumstances indicating possible prosecutorial misconduct.

The second paragraph states further that a photograph is admissible whenever a verbal description of the body and scene would be admissible. We are unable to hypothesize a homicide situation where the descriptions of the body or scene are inadmissible since these descriptions normally provide essential information about the issues involved in a homicide.

The third paragraph quoted above recognizes that some photographs will be so inflammatory and will have so little probative value that an abuse of discretion results from their admission. This paragraph suggests that the trial court is to weigh the prejudicial effect against the probative val-

ue—a process seemingly rejected in the second part of the *Martin* standard.

Since *Martin* was decided a decade ago, numerous cases have addressed the admissibility of photographs alleged by the defendant to be inflammatory. Some cases have used the first and third paragraphs of *Martin*, noting that the trial court abuses its discretion if it admits photographs whose probative value is very slight and prejudicial effect great. See *Rumbaugh v. State*, 629 S.W.2d 747 (Tex.Cr.App.1982); *Clark v. State*, 627 S.W.2d 693 (Tex.Cr.App.1982); *Hall v. State*, 619 S.W.2d 156 (Tex.Cr.App. 1980); *Brasfield v. State*, 600 S.W.2d 288 (Tex.Cr.App.1980); *Welch v. State*, 576 S.W.2d 638 (Tex.Cr.App.1979); *Blansett v. State*, 556 S.W.2d 322 (Tex.Cr.App.1977); *Antwine v. State*, 486 S.W.2d 578 (Tex.Cr. App.1972).

Other cases have omitted that portion of the *Martin* standard which requires the trial court to weigh the probative value and the prejudicial effect. See *Lopez v. State*, 630 S.W.2d 936 (Tex.Cr.App.1982); *Kelly v. State*, 621 S.W.2d 176 (Tex.Cr.App.1981); *Russell v. State*, 598 S.W.2d 238 (Tex.Cr. App.1980); *Cain v. State*, 549 S.W.2d 707 (Tex.Cr.App.1977); *Sternlight v. State*, 540 S.W.2d 704 (Tex.Cr.App.1976); *Bailey v. State*, 532 S.W.2d 316 (Tex.Cr.App.1976).

Since *Martin*, we have not found a case in which the appellate courts of Texas reversed a conviction because the prejudicial effect of the admitted photographs greatly outweighed their probative value.[1] Also, no abuse of discretion has been found in admitting numerous photographs of the victim. *Clark v. State*, 627 S.W.2d 693 (Tex.Cr.App. 1982) (15 photographs admitted). In *Shippy v. State*, 556 S.W.2d 246 (Tex.Cr.App.1977) no abuse of discretion was found in the admission of photographic exhibits of a victim who had been stabbed 27 times. The photographs showed a bare frontal view of the deceased and another showed a close-up of the victim's head.

In *Heckert v. State*, 612 S.W.2d 549 (Tex. Crim.App.1981), supra, eight photographs showed the victim lying in a pool of blood on the floor of her home. No error was found. In *Luck v. State*, 588 S.W.2d 371 (Tex.Crim.App.1979), supra, the defendant had dismembered the victim's body. Photographs of various pieces of the body were introduced. No abuse of discretion was found.

In *Self v. State*, 513 S.W.2d 832 (Tex.Cr. App.1974), it was held proper to admit photographs which showed the skulls of two girls in the water of the bayou where they were found. In *Knoppa v. State*, 505 S.W.2d 802 (Tex.Crim.App.1974), no error was found in the admission of two black and white photographs showing the right side of the deceased's face three days after the homicide. Maggots were growing on the face.

In *Lewis v. State*, 505 S.W.2d 603 (Tex. Cr.App.1974) the defendant complained of the admission of photographs of the body with pointers inserted into the wounds. Testimony showed that pointers were inserted to show the angle of the bullet entries. No error was found.

In *Quintanilla v. State*, 501 S.W.2d 329 (Tex.Cr.App.1973) three enlarged photographs depicting the body as it was found at the scene of the crime were admissible over the defendant's objections.

Our Court has also addressed the admission of photographs. See *Booth v. State*, 635 S.W.2d 767 (Tex.App.—Corpus Christi 1982, no d.r.); *Acosta v. State*, 656 S.W.2d 535 (Tex.App.—Corpus Christi, 1983); *Espericueta v. State*, 649 S.W.2d 336 (Tex. App.—Corpus Christi, no d.r.).

In the case at bar, although we have determined that the photographs are gruesome, that determination is not the controlling factor in whether the trial court erred in admitting the photographs. The controlling factor is simply whether their

---

1. *Terry v. State*, 491 S.W.2d 161 (Tex.Cr.App. 1973) was reversed where unexplained autopsy photographs had been admitted over appellant's objection. *Goss v. State*, 549 S.W.2d 404 (Tex.Cr.App.1978) was reversed because the State had failed to lay the proper predicate for the admission of the photographs.

**898**

probative value was greatly outweighed by their prejudicial effect. The prejudicial effect, while largely determined by the gruesomeness of the exhibits, is also determined by the number of exhibits offered, their detail, their size, whether they are black and white or color, whether they are close-up, whether the body is naked or clothed, and by factors unique to each situation photographed.

In our case, the photographs are in color; they are detailed; one is enlarged; some are close-ups; the body is naked, bloody, and mutilated. This being the case, we now address the probative nature of the admitted photographs. As in any homicide, a photograph of the body or a description of the body may reveal the manner of death and hence is probative evidence of the killer's culpable mental state. While probative, the photographs were cumulative of other evidence. However, we are not convinced that they were offered by the state *solely* to inflame the minds of the jury nor are we convinced that their probative value is outweighed by their prejudicial effect. We conclude that the trial judge did not abuse his discretion in admitting them. Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.