Victor **MEDINA**, Appellant,

v.

The **STATE of Texas**, Appellee.

No. 04–81–00490–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 21, 1983.

Discretionary Review Refused
May 9, 1984.

Martin Underwood, Comstock, for appellant.

Thomas F. Lee, Del Rio, for appellee.

Before CADENA, C.J., and BUTTS and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

Appellant was convicted of the offense of delivery of marihuana for remuneration. The jury assessed punishment at four (4) years' confinement and a Five Thousand Dollar ($5,000.00) fine.

Appellant's sole ground of error is that the charge to the jury on punishment is defective. The portion of the charge to which appellant now complains for the first time on appeal is paragraph V. Paragraph V reads as follows:

> Probation shall be granted by the Court if the jury recommends it in their verdict.
>
> If probation is recommended by the jury, the Court may impose only the following conditions with respect thereto:
> a. Commit no offense against the laws of this State or of any other State or of the United States;
> b. Avoid injurious or vicious habits;
> c. Avoid persons or places of disreputable or harmful character;
> d. Report to the probation officer as directed;
> e. Permit the probation officer to visit him at his home or elsewhere;
> f. Work faithfully as suitable employment as far as possible;
> g. Remain within a specified place;
> h. Pay his fine, if one be assessed, and all court costs whether a fine be assessed or not, in one or several sums, and make restitution or reparation in any sum that the court shall determine;
> i. Support his dependents;
> j. Participate in any community-based program;
> k. Reimburse the county in which the prosecution was instituted for compensation paid to appointed counsel for defending him in the case, if counsel was appointed;
> l. Remain under custodial supervision in a community-based facility, obey all rules and regulations of such facility, and pay a percentage of his income to the facility for room and board;
> m. Pay a percentage of his income to his dependents for their support while under custodial suspension in a community-based facility; and
> n. Pay a percentage of his income to the victim of the offense, if any, to compensate the victim for any property damage or medical expenses sustained by the victim as a direct result of the commission of the offense.
> o. Pay a fee not exceeding $15.00 a month.

Appellant contends it was error to instruct the jury that only those enumerated conditions of probation could be imposed by the trial court if the jury recommended probation. The court further erred, according to appellant, by giving an incomplete listing of the conditions of probation listed in TEX.CODE CRIM.PROC.ANN. art. 42.12, § 6 (Vernon Supp.1982–1983). Specifically, in subsection "d" the charge omitted the requirement that the probationer "obey all rules and regulations of the probation department; in subsection "k" the charge omitted the portion concerning payment when a public defender is involved; and finally, the charge failed to include "6b" of art. 42.12, *supra,* allowing for the court to impose a thirty (30) day jail term as a condition of probation.

Appellant made no objection to the charge nor did he submit a requested charge. Under such circumstances, appellant waived all but fundamental error in the charge. *Jackson v. State,* 591 S.W.2d

820 (Tex.Crim.App.1980); *Coit v. State*, 629 S.W.2d 263 (Tex.App.—Dallas 1982, pet. ref'd). Generally, error occurring in a trial court's charge is not necessarily synonymous with fundamental or reversible error.

> Fundamental error in a trial court's charge does not occur unless it is demonstrated that because of the error in the charge, the charge was calculated to injure the rights of a defendant or that from the record as a whole it reflects that the error in the charge prevented a defendant from receiving a fair and impartial trial.

*Grady v. State*, 634 S.W.2d 316, 318 (Tex. Crim.App.1982). Further, absent an objection or a requested charge, it is appropriate to view the charge as a whole to determine if the error was fundamental. *Robinson v. State*, 596 S.W.2d 130 (Tex.Crim.App.1980); *Didion v. State*, 625 S.W.2d 436 (Tex.App. —Houston [14th Dist.] 1981, pet. ref'd).

■ An examination of the charge on punishment given by the trial court reveals that the jury was properly instructed to find appellant guilty based upon his plea of guilty before the jury. The charge also correctly informed the jury of the proper range of punishment for the offense as it then existed under the Texas Controlled Substances Act, TEX.REV.CIV.STAT. ANN. art. 4476–15, § 4.05(d)(e) (Vernon 1976).[1] The charge then instructed the jury on the law as to probation. The jury was properly instructed that they could grant probation to a defendant if they assessed a punishment of not more than ten years and further found that the defendant had never been convicted of a felony. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3a (Vernon Supp.1982–1983).

■ While it is true that under the provisions of art. 42.12, *supra*, in effect at the time of appellant's trial, the court was not limited to the conditions and terms enumerated in § 6, we fail to perceive fundamental error in the charge.

In *Flores v. State*, 513 S.W.2d 66, 69 (Tex.Crim.App.1974) the court stated:

> .... While it is considered good practice to enumerate in the court's charge the probationary conditions which the court may impose if probation is recommended by the jury, the failure to so enumerate the said conditions is not harmful to the accused or restrictive of the court's authority under the statute.

*Accord Tavarez v. State*, 644 S.W.2d 523 (Tex.App.—Corpus Christi 1982). This holding in *Flores v. State, supra,* was applied again in *Henderson v. State*, 617 S.W.2d 697 (Tex.Crim.App.1981). There the appellant, Henderson, claimed fundamental error in the charge on punishment because the charge failed to include all the conditions of probation which could be imposed by the court. He specifically pointed to the failure of the charge to include the condition of probation relating to the payment of a fine and restitution. Citing *Flores v. State, supra,* the court found that fundamental error was not presented.

Applying the principles and rationale of the foregoing cases to the instant cause, we find no fundamental error in the court's charge. Reviewing the trial court's charge as a whole, we hold it adequately protected appellant's rights and did not deny him a fair and impartial trial. TEX.CODE CRIM. PROC.ANN. art. 36.19 (Vernon 1981). Appellant's ground of error is overruled.

The judgment is affirmed.

---

1. We are not here dealing with a prosecution and conviction under House Bill 730 which was recently declared unconstitutional in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1983).