NO. 07-03-0480-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 30, 2004

_____

ROBERT FERGUSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15107-0309; HON. ROBERT W. KINKAID, JR., PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant, Robert Ferguson, appeals his conviction for aggravated assault with a deadly weapon. His four issues concern whether 1) the trial court erred in failing to give a limiting instruction to the jury or alternatively declare a mistrial after the State allegedly engaged in improper jury argument, 2) trial counsel's failure to object to allegedly improper jury argument constituted ineffective assistance of counsel, 3) the trial court erred in

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2004).

overruling his objection to the introduction into evidence of a co-defendant's bloody clothing, and 4) the sentence and fine imposed were disproportionate to the crime and, therefore, cruel and unusual punishment. We affirm the judgment of the trial court.

### *Issue One - Jury Argument*

Appellant initially argues that the trial court should have given a limiting instruction or declared a mistrial when the State improperly referred to the assault as being "premeditated." However, when the prosecutor made the comment, appellant did not object. Thus, he waived any complaint he had to it. *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *cert. denied,* 520 U.S. 1173, 117 S.Ct. 1442, 137 L.Ed.2d 548 (1997) (holding that a defendant's failure to object to jury argument forfeits his right to complain on appeal); *Andrews v. State,* 106 S.W.3d 402, 405 (Tex. App.–Houston [1st Dist.] 2003, pet. dism'd) (holding that a defendant's failure to object to allegedly improper jury argument waives any complaint on appeal); *Jones v. State,* 900 S.W.2d 392, 397 (Tex. App.–San Antonio 1995, pet. ref'd) (holding that since the appellant did not object, ask for an instruction, or request a mistrial, nothing is preserved for review), and we overrule the issue.

### *Issue Two - Ineffective Assistance*

Next, appellant asserts that the failure to object to the allegedly improper jury argument discussed under issue one constituted ineffective assistance of counsel. We overrule the issue for several reasons.

First, appellant provides us with no argument or analysis supporting the issue, as required by the rules of appellate procedure. TEX. R. APP. P. 38.1(h) (stating that the brief

2

must contain a clear and concise argument for the contentions made). He merely alludes to issue one and concludes that the failure to object evinced ineffective assistance of counsel. Thus, he again waived his complaint. *See Franklin v. Enserch, Inc.*, 961 S.W.2d 704, 711 (Tex. App.–Amarillo 1998, no pet.) (holding that the failure to provide the court with any discussion of the facts and authorities relied on results in the waiver of the complaint).

Second, the State may properly summarize evidence and draw reasonable inferences therefrom during its jury argument. *Brown v. State,* 692 S.W.2d 497, 502 (Tex. Crim. App. 1985) (holding that permissible areas of jury argument are a summation of the evidence, a reasonable deduction from the evidence, an answer to opposing counsel's argument, and a plea for law enforcement). Here, evidence appeared of record illustrating that 1) appellant had wanted to fight his victim earlier in the evening and 2) appellant's companion told appellant to wait and "we'll take care of it" when they arrived at their destination. This is some evidence indicative of premeditation, *i.e.* that appellant had planned to assault the victim. Because of that, it can be said that the prosecutor was simply making reasonable deductions from the evidence when he alluded to the fight as being premeditated.

So, conceivably, the potential validity of the argument may have swayed defense counsel to forego objecting. In other words, defense counsel's silence may have been intentional and related to trial strategy. Additionally, since the record neither illustrates counsel's motives for withholding objection nor dispels the notion that his silence was part of some trial strategy, appellant did not overcome the presumption that counsel acted effectively or pursuant to a sound strategy. *Tong v. State,* 25 S.W.3d 707, 714 (Tex. Crim.

3

App. 2000), *cert. denied,* 532 U.S. 1053, 121 S.Ct. 2196, 149 L.Ed.2d 1027 (2001) (holding that because the record was silent as to why defense counsel failed to object, it was insufficient to overcome the presumption that his actions were part of a strategic plan); *Rios v. State,* 990 S.W.2d 382, 385 (Tex. App.–Amarillo 1999, no pet.) (stating that claims of ineffective assistance must be firmly founded in the record).

### Issue Three - Admission of Evidence

Appellant next complains of the trial court's decision to admit into evidence the bloody shirt and pants of Billy Joe DeBusk, appellant's companion. The clothing was allegedly inadmissible because it was irrelevant and its probative value was substantially outweighed by the danger of unfair prejudice. We overrule the issue.

Whether the trial court erred in admitting the evidence depends upon whether it abused its discretion. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). Whether it abused its discretion depends upon whether the decision fell outside the zone of reasonable disagreement. *Id.*

Here, the evidence showed that during a fight, appellant used a knife to cut his victim in the face several times. Appellant insinuated that he acted in self-defense. However, one witness testified that while appellant and this victim fought, DeBusk placed a choke hold on the victim and so held him until the victim fell unconscious. It was while the victim was in the grasp of DeBusk that appellant cut him, the witness continued. And, given the laws of gravity, one could reasonably deduce that the blood ran down from the cuts onto DeBusk's clothes. Thus, the evidence of DeBusk's bloody clothes served not only to illustrate the severity of the victim's wounds but also to support the contention that

4

the cuts were not made in self-defense but resulted from two individuals attacking one. *See Stewart v. State*, 703 S.W.2d 745, 747 (Tex. Crim. App. 1985) (noting that evidence of bloody clothes could be admissible to help the jury understand the facts in the case, and it was entitled to no less). When so viewed, reasonable minds could then differ as to whether the clothes were relevant to the issues at hand. Thus, the decision that they were relevant did not fall outside the zone of reasonable disagreement.

Next, while the sight of blood may stir emotion, the risk that it would so effect the jury was no greater than that posed by the admission of three closeup pictures taken of the victim's severely lacerated face and of the three pictures depicting patches of blood on the ground. Moreover, appellant does not complain about that evidence on appeal. Additionally, the time needed to develop the evidence was not much; so, it cannot be said that the factfinder was unduly distracted from considering the merits of the prosecution. Simply put, upon comparing the risk of potential prejudice caused by the clothing against the relevance of the bloody clothes, reasonable minds could again disagree as to whether the former substantially outweighed the latter. And, because they can, we cannot say that the trial court abused its discretion in admitting the clothes.

### Issue Four - Cruel and Unusual Punishment

In his final issue, appellant contends that his sentence of 11 years imprisonment and $5,000 fine was disproportionate to the offense and, therefore, constituted cruel and unusual punishment. We overrule the issue.

The contention now uttered was not asserted below. Consequently, appellant waived it. *Rhoades v. State,* 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding the

contention that appellant's right to be free of cruel and unusual punishment was waived because the objection was not lodged in the trial court).

Having overruled each issue, we affirm the judgment of the trial court.


Brian Quinn
Justice

Do not publish.